PECK AND ANOTHER *vs.* THE NEW LONDON COUNTY
MUTUAL INSURANCE COMPANY.

The charter of the New London County Mutual Insurance Company provides,
that all persons who shall at any time become insured, in said company,
shall be bound by all the provisions of said charter, and that "no insurance
on any property shall be valid to the insured, unless he has a good and per-
fect, and unincumbered title thereto, at the time of effecting such insur-
ance, and unless the true title of the assured to the same, and the incum-
brances, if any, be fully disclosed and expressed in the proposals for in-
surance, and be also specified in the policy." A and B made a joint ap-
plication, in writing, to the agent of said company, for insurance upon a
building used as a tannery, and the stock therein; A being the sole
owner of said building, which was exclusively occupied by B, who was
sole owner of said stock. Said agent, knowing the precise interest
which A and B had in said property, accepted and approved said appli-
cation, and, at his own suggestion, filled up a policy of insurance, purport-
ing to insure the plaintiffs, as the joint owners of said tannery and stock.
In an action upon said policy, in the names of A and B, it was held 1. That,
as the plaintiffs together had a perfect title to the property insured, the
policy was not void, on the ground that the true state of such title was
not stated in the proposals. 2. That the defendants could not deny, that
the title of the plaintiffs was as stated in their declaration. 3. That parol
evidence of what took place between the plaintiffs and the agent of the
defendants, at the time the property was insured, was admissible in such
action, for the purpose of showing, that the parties agreed to treat such
insured property as the joint property of the plaintiffs, and in support of
the allegation, in their declaration, that they owned the same, and to re-
but the presumption that said policy was a wagering policy.
Where the charter of said company provided, that, if "insurance upon any
property should subsist in said company, and in any other company at the
same time, the insurance by the defendants, should become absolutely
void, unless such double insurance should subsist, with the consent of their
directors, signified by an endorsement, on the back of the policy, sub-
scribed by their secretary," and the interest of one of the plaintiffs in
the property insured, was, at the time of the loss alleged, under insurance
in another company, and the plaintiffs in an action thereon, offered in evi-
dence, an endorsement, in writing, on the back of said policy, signed by
the agent of the defendants, purporting, on their behalf, to give their con-
sent to such further insurance, in connection with evidence, that such agent
was, by virtue of the practice and usage of the defendants, authorized to
grant such license, on all policies issued by him: it was held, that such

evidence was admissible, and that, as the defendants were not confined by their charter to a single secretary, whenever they directed any agent or officer to perform the appropriate duties of a secretary, they made such agent or officer secretary, for that purpose.

THIS was an action, brought by Seth L. and George R. Peck, upon a policy of insurance against loss or damage by fire, to the amount of one thousand dollars, *viz.*, $500 upon a tannery and bark-mill, and $500 on stock therein.

The policy declared on was in the usual form, and purported to be pursuant to, and under the conditions and limitations of, the charter of said company. The declaration alleged, that the plaintiffs were the owners of the property described in said policy, to wit : " the building mentioned and described in the same, said bark-mill, and the stock, to wit, the hides, leather, bark, &c., upon said premises, and in said building,—and that, during the continuance of said policy, the plaintiffs continued to be, and were the owners of said property."

The cause was tried to the jury, before the superior court for New London county, at the term thereof, holden in March, 1853.

On the trial, it was admitted, that the policy of insurance, and a renewal thereof, endorsed thereon, were duly executed and delivered, and that said building was destroyed, and the insured stock damaged by fire, within the life-time of the renewed policy, and that due notice of said loss was given to the defendants.

The plaintiffs then introduced in evidence their original application for insurance under said policy, which was as follows, *viz. :*

" An application to the New London County Mutual Fire Insurance Company, for insurance against loss by fire, on a building used as a tannery, forty-eight feet by twenty-six, two stories high, with a stone basement up to the windows. In one part is a bark-mill, for the use of said tannery, which is more than fifty feet from any other building, situated in the

town of Lyme, county of New London, state of Connecticut, which I estimate to be worth eight hundred dollars, upon which I want to obtain insurance, to the amount of five hundred dollars. (If any incumbrance, it must be mentioned.) We also wish to obtain insurance upon the stock in said building, consisting of hides, leather, and bark, &c., to the amount of five hundred dollars, valued at one thousand dollars. Dated at Lyme, this 27th day of March, A. D. 1848.

SETH L. PECK,

GEORGE R. PECK,

By SETH L. PECK.

Premium, 75 cents on $100.

Amount paid, $7.50.

Approved by LODOWICK BILL, Agent."

They also introduced in evidence, a copy of the charter of said company, annexed to said policy,—the third section of which provides, "that all persons who shall, at any time, become insured in, or with, said company, during the times specified in their respective policies, shall, at all times, be concluded and bound by the provisions of said charter."

The thirteenth section provides that "No insurance, effected on any property, shall be good and valid to the insured, unless he has a good and perfect, and unincumbered title thereto, at the time of effecting such insurance, or unless the true title of the assured to the same, and the incumbrances, if any, be fully disclosed and expressed in the proposals for insurance, and be also specified in the policy."

The twenty-first section is as follows :

" If insurance upon any property shall be and subsist in said company, and at or in any other office, for insurance against loss or damage by fire, or with or from any other person or persons, at the same time or during said period of time, or any portion of the time when insurance subsists in the New London County Mutual Fire Insurance Company,

the said insurance made and effected in the last mentioned company, shall be deemed and become absolutely void, unless such double insurance subsist with the consent and approbation of the board of directors, signified by an endorsement on the back of the policy, by the secretary of said company, and by him subscribed, in pursuance of an order to that effect, given and passed by the said board of directors."

It was admitted, that, at the times of the application for the issuing of said policy, and also of said fire, the said George R. Peck was the sole owner, in fee, of said building insured, and that the same was occupied by Seth L. Peck, as a tenant, for a tannery, but, without any specified lease, or any definite contract to occupy ; that, during the same period, said Seth L. was the sole owner of said insured personal property, and the same was in his exclusive possession ; and it was proved, that these facts were fully stated by the insured, to the agent of said company, who filled up and issued the policy, at the time of insuring, in its present form, at his own suggestion, provided parol proof of the same was admissible. The defendants objected to the admissibility of said evidence, but the same was admitted by the court. No question was made between the parties, as to the actual amount of the loss.

The defendants thereupon claimed, and asked the court to charge the jury, that, if they found the facts as proved and admitted, as to the title of the plaintiffs, in the insured property, such facts did not sustain the allegation in the declaration, that the plaintiffs were joint owners of the insured property, and that the plaintiffs were, therefore, not entitled to recover against the defendants, on this declaration and proof.

The defendants also claimed, and asked the court to charge the jury, that the charter of said company was a part of the contract of insurance, declared on, and that as by the thir-

teenth section of said charter, it is provided that no insurance effected on any property shall be good and valid to the insured, unless he has a good and perfect and unincumbered title thereto, at the time of effecting such insurance, or unless the true title of the assured to the same, and the incumbrances, if any, be fully disclosed and expressed in the proposal for insurance, and be also specified in the policy, and as this policy is a joint policy, to the two plaintiffs alike, in the building, and in the personal property; if the jury should find the facts to be as proved by the plaintiffs and admitted by the defendants, the plaintiffs were not entitled to recover, and their verdict should be for the defendants; and, that, independently of any such provision in said charter, the plaintiffs were not entitled to recover on their policy and declaration, either for the building, or the personal estate, except so far as they showed a joint interest in the one or the other; and that, on the facts, as proved by the plaintiffs, and admitted by the defendants, there was no such joint interest in either the building or personal property, as would entitle the plaintiffs to a verdict.

But the court omitted and refused so to charge the jury, but instructed them, that, if they found the facts to be as proved by the plaintiffs, and admitted by the defendants,— that George R. Peck was the sole owner of the building insured, but that the same was solely and exclusively occupied by Seth L. Peck, as tenant of said owner, then, in the opinion of the court, given *pro forma,* both plaintiffs had an insurable interest in the building, and for that, were entitled to recover the amount insured, with the interest after ninety days from the notice to the defendants of said loss; that, as to the personal property, there was more difficulty; but they might, upon the facts proved and admitted, render a verdict also for the personal property, but should state, in their verdict, how much they found the damage to the personal property to be, as separate and distinct from the damage to the building. It was admitted, that, at the time of

said fire, there was an insurance on Seth L's interest in said personal property, to the amount of $1,000, in the St. Lawrence County Mutual Fire Insurance Company, effected in the month of May, 1849, and that, since said fire, said company had paid to said Seth L. two-thirds of said total loss on said personal property. They also offered in evidence, an endorsement, in writing, on the back of the defendants' policy, signed by Lodowick Bill, agent, purporting, on behalf of said defendants, to give the consent of said defendants to effect said further insurance, together with testimony of witnesses, to show that said Lodowick Bill was a local insurance agent of said defendants, and, as such, was authorized, by virtue of the practice and usage of said defendants, to grant such license, for further insurance on all policies, issued by him, in behalf of said defendants ; to the admission of which evidence the defendants objected, on the ground, that the charter of said defendants was a part of the contract between the parties, and that parol evidence, to control, vary, or explain such contract, was inadmissible, and that such evidence and usage were in direct conflict with the twenty-first section of said charter, by which the plaintiff was bound. But the court overruled the objection, and admitted the evidence.

The jury having returned a verdict for the plaintiffs, for the damage both to the real and personal property, the defendants moved for a new trial.

*E. Perkins* and *Wait*, with whom was *McCurdy*, in support of the motion, contended, 1. That as, by the charter of the defendants, if the insured, at the time of insurance, had a less estate than a perfect unincumbered title, in fee, in the insured property, it was their duty to disclose such fact to the defendants, and to state, in their proposals, the nature of their title, and the incumbrances on the same ; an omission to do so amounted to a warranty that they have a good, and perfect, and unincumbered title to the property insured. *Ill.*

*M. Ins. Co.* v. *Marseilles Mu. Co.*, 1 Gil. R., 236 ; 4 U. S. D., 205. *Jennings.* v. *C. Ins. Co.*, 2 Den. R., 75 ; U. S. Dig., 1847, p. 314. *Wood* v. *Hartford Fire Ins. Co.*, 13 Conn. R., 533–44. *Warner* v. *Mid. M. I. Co.*, 21 Conn. R., 444, 448. The declarations of the insured, respecting their title to, and occupation of, the property insured, were inadmissible, as the only object of such evidence was to explain or contradict a written contract. Even if the parol testimony offered is admissible, it does not sustain the allegations in the declaration, which set forth a joint ownership. The proof shows a sole ownership of George Peck, in the real, and of Seth L. Peck, in the personal estate. *Howard* v. *Albany Ins. Co.*, 3 Denio, 301 ; U. S. Dig., 1848, p. 228. *Mitchell* v. *Ostrom*, 2 Hill R., 520 ; 2 U. S. Dig., 532. 1 Sw. Dig., 691. 4 Conn. R., 259, 568. 9 Conn. R., 508. 14 Conn. R., 411. 15 Conn. R., 298. 1 Greenl. Ev., sec. 64, 65.

2. The language of the application for insurance, implies a joint interest by the plaintiffs, in both real and personal estate, and no other. The language of the declaration is, that " they, the plaintiffs, were the owners of said property, to wit, the building," and " the stock"—that is, they were the joint owners.

3. Their " true title" to the property, was not " fully disclosed and expressed in the proposals for insurance," nor was the same " specified in the policy." They are, therefore, precluded from recovering, by the thirteenth section of their charter. *Burritt* v. *Saratoga Ins. Co.*, 5 Hill, 188. *Ingraham* v. *S. C. Fire Ins. Co.*, 3 Brev., 522.

4. The plaintiffs, independently of the charter, can not recover ; because they do not *jointly* possess an insurable interest in the property. The insurance, covering the personal property, so far as George Peck was concerned, was a wagering policy, and void in law, which renders void the entire insurance.

5. That any parol evidence, tending to show, that a local

agent was authorized to consent to and permit the plaintiffs, to effect additional insurance on the property, is inadmissible, as the twenty-first section of said charter directs in what manner and by what authority, double insurance can be effected. *Stark Co. M. Ins. Co.* v. *Hurd,* 19 Ohio R.; U. S. Dig., 1851, p. 277; 5 Hill R., 188.

*Foster* and *Chadwick,* contra, contended, 1. That the plaintiffs together had an insurable interest in the building, and it is not necessary that they should be joint owners. A person who has such an interest that the destruction of the property, by fire, will occasion him a direct pecuniary loss, may join with others who have an interest in the same property, and effect a joint insurance. In the event of a loss under the policy, they may all join in the suit, and recover for the loss, and each plaintiff will be entitled to his proportion of the amount. *Niblo* v. *North Am. Fire Ins. Co.*, 1 Sandf. Sup. Ct. Rep., 551, (9 U. S. Dig., 283.) *Bulkley* v. *Derby Fishing Co.*, 1 Conn. R., 571. *Higginson* v. *Dale,* 13 Mass. R., 96. The true state of the ownership was made known to the agent of the company, and the form in which the policy should be issued, was determined by him, and the owner of the real estate, from the facts disclosed, could have entered into possession, at any time, and held possession of the personal property, till his rent or storage was paid; which constitutes an insurable interest. *Buck* v. *Ches. Ins. Co.*, 1 Peters, 163. *Craufurd* v. *Hunter,* 8 Term R., 13. *Lucena* v. *Craufurd,* 3 Bos. & Pul., 75.

2. The subsequent insurance does not vitiate this policy. This corporation may give their consent to another insurance, in other modes than that claimed by the defendants, and when given, it is binding upon them. A different rule would be in violation of good faith. *Bulkley* v. *Derby Fishing Co.*, 2 Conn. R., 250.

3. The question, as to the admissibility of the parol evi-

dence, is settled, by all the cases previously referred to, which decide its effects.

HINMAN, J.  We think the plaintiffs are entitled to retain their verdict, upon the facts stated in the motion ; and that the several objections to their right to recover can not prevail.  First, it is claimed, that the policy is void, because the true state of the plaintiffs' title to the property insured, was not stated in the proposals.  This document is very short : it purports merely to make application for insurance, to the amount of five hundred dollars on a tannery and bark-mill, and also five hundred dollars on the stock of hides, leather and bark therein.  The approval of the defendants' agent is endorsed on it, and it is signed by the plaintiffs.  The motion shows, that, at the time it was made, and the policy issued, the plaintiffs went to the defendants' agent, and disclosed to him fully their precise situation, touching their title to this property ;  particularly, that George R. Peck was the sole owner of the building, and the other plaintiff exclusively occupied it, and was the sole owner of the personal property ;  and, with full knowledge of this, the agent, at his own suggestion, filled up and issued the policy, in its present form, purporting to insure the plaintiffs, as the joint owners of the property.  Now, it is clear, there was no incumbrance upon the property.  One or both the plaintiffs had a perfect title to it,—and the only object of the thirteenth section of the charter is to provide against any incumbrance there may be upon property insured.  When there is an incumbrance upon the property, so that the insured have a less estate than a perfect, unincumbered title, they must state their true title to it.  This means, that they must state their true title, in regard to any incumbrance upon it,—not that they must enter into a detail of the precise amount of interest which each one of the insured has in it.  It is enough, that, among all the persons insured in a single policy, they have a perfect title, or a title incumbered only in the man-

ner which is stated in the proposals. Again, it is claimed, that the declaration varies from the proof, in this, that it sets forth a joint ownership of the property, whereas the proof was, that each one of the plaintiffs owned different parts of it, in severalty. There might be something in this claim, if the plaintiffs had procured the joint insurance, without disclosing their several interests in the property. No doubt, there are cases which go to show, that, where a joint interest is averred in the declaration, it must be proved, and that it can not be supported by proof of a sole interest in one ; but it is unnecessary to consider this point here. The parties had power, by their agreement, to consider the property to be jointly or severally owned, as they pleased, and to treat it accordingly ; and we do not see, why they could not do this, for the purpose of insuring it, as well as for any other purpose. Here it appears, that the defendants' agent, knowing the precise interest of both plaintiffs in the property, accepted and approved of the application for insurance, made by them jointly. Indeed, it is said, and not denied, that he drew up the application himself. At his own suggestion he filled up and issued the policy, in its present form. Under these circumstances, we think it is not competent for the defendants, to deny the joint title of the plaintiffs to the property insured. It is claimed, that the parol evidence of what took place, at the time the policy was issued, between the defendants' agent and the plaintiffs, ought to have been rejected, on the ground, that the whole contract was merged in the writings. This evidence was objected to, generally ; and it follows, that, if it was admissible for any purpose, it could not have been rejected. It was clearly inadmissible, for the purpose of qualifying or explaining the contract, and, we presume, was not used for any such purpose. But, we think it was properly received, for the purpose of showing, that the parties agreed to treat the property insured, as the joint property of the plaintiffs. In this aspect, it went to prove that part of the declaration which

alleges, that the plaintiffs owned the property insured. It is said by the defendants' counsel, and we think, correctly said, that this is tantamount to an allegation, that they owned the property jointly. Now, this joint ownership might have been proved directly, by showing the fact to be as alleged; or it might be, as in this case it was proved, by proving that the defendants, when they insured it, agreed to consider it as joint property.

Another point made in argument is, whether the insurance was void, in consequence of the want of interest of one of the insured in the real estate, and of the other in the personal estate. No doubt, from the nature of the contract, to indemnify the plaintiffs against loss, they must both have an interest in the subject matter of the insurance. Besides, a want of interest would render the policy a mere wager. We, however, know of no rule that requires, that the interest of a party insured, should be in his own right. He may insure, as trustee for another. We believe it is the common practice of commission merchants to insure in their own names, the goods of their various employers, and to cover the whole, in a single policy; and, in such cases, it is not necessary even to name the persons who are interested in the policy.

Now, the plaintiffs, in fact, owning the property severally, but both together taking a joint insurance of the whole, each one, by this act, became, after the loss, a trustee for the other, with a right to recover, as such trustee, the value of the property not owned by him severally; and as he had a right to recover, in his own name, for his own several loss, they therefore became jointly interested in the whole loss; and, for the purpose of showing this joint interest of the plaintiffs, in the whole property, and to rebut any presumption that it was a wagering policy, the parol evidence to which we have before alluded, was properly received.

The only remaining point is, as to the effect of the subse-

quent insurance of Seth L. Peck's interest in the personal property, without first procuring the consent of the defendants to such insurance, and having such assent signified by an endorsement on the back of the policy, by the secretary of the defendants, as is said to be required by the twenty-first section of the defendants' charter. That section provides, that, while insurance on any property subsists in the defendants' company, and in any other office for insurance against fire, at the same time, the insurance effected in the defendants' company, shall be void, unless such double insurance subsist with the consent of the board of directors of the defendants' company, signified by an endorsement on the back of the policy, by the secretary of the company, and by him subscribed, in pursuance of an order to that effect, given and passed by said board of directors. It was admitted, that Seth L. Peck's interest in the personal property was under insurance, by the St. Lawrence County Mutual Insurance Company, at the time of the loss ; and, to show that this double insurance was authorized under this section of the charter, the plaintiffs offered in evidence, an endorsement, in writing, on the back of the policy, signed by Lodowick Bill, agent, purporting, on behalf of the defendants, to give their consent to effect such further insurance, together with testimony of witnesses, to show, that said Bill was a local insurance agent of the defendants, and, as such, was authorized, by virtue of the practice and usage of the defendants, to grant such license on all policies issued by him. This evidence was objected to, but received by the court. The principle sanctioned by this court in *Buckley* v. *Derby Fishing Co.,* 2 Conn. R., 252, is sufficient to justify the admission of this evidence, even admitting that Bill was, strictly speaking, a mere agent, and that it is improper to call, or consider, him, the secretary of the company, for the purpose of authenticating this license. But, we think the evidence went to show, and would have justified the jury in finding, that, within the limits of his agency,

and upon policies issued by him, as was the one in question, the company had made him their secretary, within the meaning of this twenty-first section of the charter, for the purpose of signing endorsements of this character, on the back of policies issued by him.

There is nothing in the charter, which confines the company to a single secretary ; and, when they have directed any of their agents or officers to perform any of the appropriate duties of the secretary, they make such agent or officer a secretary, for that purpose. Any other doctrine would be liable to be abused, for fraudulent purposes. Upon the whole case, therefore, we do not advise a new trial, on any of the grounds claimed.

In this opinion, the other judges concurred, except ELLS-WORTH, J., who tried the cause in the court below, and was disqualified.

New trial not to be granted.