## No. 2968.

## ANTONIO DERMANI *v.* HOME MUTUAL INSURANCE COMPANY, of New Orleans.

Where the contract of insurance contained the following clause : "This policy is not assignable unless by consent of this corporation manifested in writing, and in case of any transfer by sale or otherwise without such consent, this policy shall from thenceforth be void and of no effect;"

Held—That this prohibition does not apply to the assignment of the interests of one partner to the other, and that it can not be inferred to have been the intention of the contracting parties that the plaintiff could not buy out his partner and continue the business without the consent of the defendants, on pain of forfeiting the policy.

The prohibitory clause must be construed strictly, and if its application to the case before this court be doubtful, the doubt must be construed against the defendants, the obligors in the contract of insurance.

It is true the clause expressly prohibits the transfer by sale or otherwise of the policy; but it does not expressly prohibit a change of interests among the partners, nor does it expressly prohibit the assignment of the interests of one partner to the other.

If the defendants had intended to place such a limitation upon the rights of the assured, the intention should have been expressed in the instrument and not left to inference, because a prohibitory clause can not be extended by implication.

In a contract of insurance, as in every other, it is the intention of the parties that must be considered. In the instrument before the court there is nothing to be found to warrant the conclusion that the plaintiff forfeited the policy by accepting the assignment of his partner's interest in the business, without the written consent of the defendants.

In the course of business partners often become dissatisfied, and change the firm by one party transferring his interest to the other, as was done in this case. This occurrence is so common, that these parties must be presumed to have contracted, knowing it might arise during the period of the insurance, and if it was desirable to put a limitation upon the right of the assured in this respect, a stipulation to that effect should have been inserted in the instrument.

By the assignment in question no new party was introduced into the contract whom the defendants might not be willing to trust. In issuing the policy to Joseph H. Taboury & Co., they virtually declared the trustworthiness of each of the partners, so that it can not be objected that, by virtue of the assignment to plaintiff, the defendants were forced to insure a person they had not consented to trust.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Sambola & Ducros,* for plaintiff and appellee. *Randolph, Singleton & Browne,* for defendants and appellants.

WYLY, J. The defendants appeal from the judgment condemning them to pay the plaintiff $365 60 on a policy of insurance issued by them to the commercial firm of Joseph H. Taboury & Co., for $4000 on their "merchandise, being stock in trade and on commissions contained in brick store situated on Front street, No. 27, and running back to Fulton street, No. 28." The plaintiff joins in the appeal and prays that the judgment be increased to $731, the amount prayed for in the petition.

About four months before the fire occurred Joseph H. Taboury retired from the firm of Joseph H. Taboury & Co., and dissolved his copartnership with the plaintiff, and it was stipulated in the act of dissolution that the said Antonio Dermani was to take the entire stock of merchandise belonging to said firm, together with the lease of the store-

house occupied by them, on the following terms and conditions: "The said Antonio Dermani promises and binds himself to pay all the debts and liabilities of said firm without exception, amounting to $3470 09." * * * He also binds himself to pay the rent of said store when due, and also to pay Joseph H. Taboury the sum of $725, $362 thereof in cash, and the balance in thirty days. He was also authorized to collect all the claims and liquidate the affairs of the partnership.

If the partnership had continued there would be no question as to the liability of the defendants for the amount claimed. But in the contract of insurance we find the following clause: "This policy is not assignable unless by consent of this corporation, manifested in writing, and in case of any transfer, either by sale or otherwise, without such consent, this policy shall from thenceforth be void and of no effect."

Under this prohibition the policy could not be transferred to a third party without the written consent of the insurers, so as to bind the latter or continue the risks. The question, however, is, does this prohibition apply to the assignment of the interests of one partner to the other? Was it the understanding of the parties that the plaintiff could not buy out his partner and continue the business, without the consent of the defendants, on pain of forfeiting the policy? The prohibitory clause must be construed strictly. And if its application to the case before us be doubtful, the doubt must be construed against the defendants, the obligors in the contract of insurance. It is true, the clause expressly prohibits the transfer, by sale or otherwise, of the policy; but it does not expressly prohibit a change of interests among the partners, nor does it expressly prohibit the assignment of the interests of one partner to the other.

If the defendants had intended to place such a limitation upon the rights of the assured, the intention should have been expressed in the instrument, and not left to inference; because a prohibitory clause can not be extended by implication. Suppose Taboury had died, bequeathing his interests to his partner, the plaintiff, would that avoid the policy? Would the very purpose and object of the insurance be defeated simply because one of the partners in the course of nature should die, and his interest in the policy be transferred by succession to his heir or heirs? Surely not. Because such a transfer is not within the meaning of the prohibitory clause; and because it would be absurd to suppose the parties intended the conditional obligation of the defendants to perish by the death of one of the assured, an occurrence not within their power to prevent.

In the contract of insurance, like every other contract, it is the intention of the parties that must be considered. And in the instrument

before us we find nothing to warrant the conclusion that the plaintiff forfeited the policy, by accepting the assignment of his partner's interest in the business, without the written consent of the defendants. In the course of business partners often become dissatisfied and change the firm by one partner transferring his interest to the other, as was done in this case. This occurrence is so common that the parties are presumed to have contracted knowing it might arise during the period of the insurance; and if it was desirable to put a limitation upon the right of the assured in this respect, a stipulation to that effect should have been inserted in the instrument.

By the assignment in question, no new party is introduced into the contract whom the defendants might not be willing to trust. In issuing the policy to Joseph H. Taboury & Co. they virtually declared the trust-worthiness of each of the partners. So therefore it can not be objected that by virtue of the assignment to plaintiff the defendants were forced to insure a person they had not consented to trust. 16 Barbour, S. C. R.; 512; 32 N. Y. 406; 13 N. Y. 412.

The other question is sufficiently answered in the written opinion of the judge a quo.

It is clearly proved that the plaintiff has sustained the loss complained of in the petition, and he should recover the amount prayed for.

It is therefore ordered that the judgment appealed from be amended so that it will amount to seven hundred and thirty-one dollars, and as thus amended that it be affirmed with costs.