WILLIAM T. WALTON and ELIZA D. WALTON, Respondents, *v.* AGRICULTURAL INSURANCE COMPANY, Appellants.

Defendant, a fire insurance company, issued a policy to W. and his wife upon a barn, etc., the title to which was in W. It contained a clause that if the property insured should be sold or conveyed, or the interest of the parties changed in any manner, the policy should be null and void until the written consent of the company at the home office is obtained. Subsequently W. conveyed said property to a third person, who on the same day conveyed it to W.'s wife. No notice of these transfers was given to defendant, nor was its written consent obtained. *Held,* that the transfer rendered the policy void.

In an action by W. and his wife upon the policy oral evidence on the part of plaintiffs was received, under objection, tending to show that W., on application for the insurance, informed defendant's solicitor of his intention to convey the property to his wife, and requested that the policy be so drawn as to cover his interest before conveyance, and that of his wife afterwards, and was informed by him that this could be accomplished by issuing the policy to himself and wife. *Held,* error; that as the action was not to reform the contract but to enforce it, and as the act which vitiated it had not been performed when it was issued, such evidence was incompetent to show a waiver of its condition, and thus estop defendant from interposing as a defense a breach thereof; that it was an attempt to vary or contradict by parol evidence one of the express provisions of the policy, and was, therefore, inadmissible.

*Van Schoick* v. *Niagara Insurance Company* (68 N. Y. 434); *Woodruff* v. *Imperial F. Insurance Company* (83 id. 135); *Short* v. *Home Insurance Company* (90 id. 16) distinguished.

(Argued June 5, 1889; decided October 22, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made the second Monday of February, 1886, which affirmed a judgment in favor of plaintiffs, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought upon a policy of insurance issued by the defendant, to recover the sum of $500 for loss sustained by the burning of a barn, a quantity of hay and grain and two horses, covered by the policy.

Said policy contained the following condition : " If the said property be sold or conveyed, or if the interest of the parties

therein be changed in any manner, whether by the act of the parties or by operation of law, * * * then, and in every such case and in either of said events, this policy shall be null and void, until the written consent of the company at the home office is obtained."

At the time of the application for, and issuance of the policy, William T. Walton was the owner of the premises insured. About five months thereafter he conveyed said property to a third person, who, on the same day, duly conveyed the same to Eliza D. Walton, the wife of William. Notice of these transfers was never given to the defendant, neither was the written consent of the company at the home office obtained. William T. Walton, against the objection of the defendant, testified that he told the agent, at the time the application for insurance was made, that as soon as he had finished repairing the buildings he should convey the property to his wife, and that he wanted a policy so made out as to cover his interest now and the interest of his wife after conveyance made. That the agent replied that he could accomplish that result by making the policy out to William T. Walton and wife. It was thereupon arranged that such a policy should be applied for, and he signed an application to the company. The evidence was duly objected to by the defendant and an exception taken to its admission. Northrup, the agent, contradicted Walton's testimony in such respect. But that question was determined in favor of the plaintiffs in a special finding made by the jury.

The agent or solicitor who made out the application was not a general agent, and did not have authority to issue policies. His duty was to make out applications for insurance and forward them to the home office of the company where they were passed upon. If rejected, the matter was at an end; if accepted, a policy of insurance was made out and forwarded to the agent for delivery on receipt of premium. Respecting the extent and limitation of the authority of the agent to represent the defendant, the policy in question provided as follows: "Agents of the company are permitted to

give the consent of the company to assignment of policies·
But no agent of the company is permitted to give consent of
the company in any other cases required by the provisions
of this policy, or to waive any stipulation or condition con-
tained herein ; but in all cases where the consent of the com-
pany is required by this policy, other than consent to the
assignment of the policy, such consent must be obtained at
the home office of the company."

The trial court charged the jury, as a matter of law, that
the conveyance from husband to wife through a third person
did not vitiate the policy, and that the plaintiffs were entitled
to recover.   Defendant excepted.

*A. H. Sawyer* for appellant.   There was no proof in the
·case that any notice of loss was ever given to the defendant as
required by the terms of the policy.   Plaintiffs must both allege
and prove the giving of such notice.   (*Inman* v. *Western Ins.
Co.*, 12 Wend. 452 ; *McEvers* v. *Lawrence*, 1 Hoff. Ch. 172 ;
*Sherwood* v. *A. Ins. Co.*, 10 Hun, 593 ; *Brown* v. *L. A. Corp.*,
4 id. 101 ; *Whitehurst* v. *N. C. Ins. Co.*, 7 Jones, 433 ;
4 Bennett's F. Ins. Cas. 331, 482 ; 5 id. 564 ; *Edwards* v.
*L. Ins. Co.*, 75 Penn. St. 378 ; *Trask* v. *S. Ins. Co.*, 29 id. 198.)
The plaintiffs had not, at the commencement of the action, and
never had any joint interest in the property destroyed.   Hence
there can be no recovery in this action by the parties jointly.
·(*Howard* v. *A. Ins. Co.*, 3 Denio, 301 ; *Murdock* v. *C. C. M.
Ins. Co.*, 2 Comst. 210 ; *Fowler* v. *N. Y. I. I. Co.*, 26 N. Y.
422 ; *A. Ins. Co.* v. *Montague*, 38 Mich. 548 ; 31 Am. Rep. 326 ;
·Code Civ. Pro. §§ 449, 450 ; *Christman* v. *S. Ins. Co.*, 18 Pac.
Rep. 466, 469 ; *Zimmerman* v. *F. Ins. Co.*, 41 N. W. Rep. 39.)
The transfers were clearly within the prohibition of the policy,
and being without the consent of the company, rendered the
policy void.   (*Oaks* v. *M. Ins. Co.*, 131 Mass. 164 ; *Baldwin*
v. *H. F. Ins. Co.*, 12 Rep. 116 ; *Savage* v. *H. Ins. Co.*, 52
N. Y. 504 ; *Tatham* v. *C. Ins. Co.*, 4 Hun, 136 ; *Germond*
v. *H. Ins. Co.*, 2 id. 540 ; *Perry* v. *L. Ins. Co.*, 6 Lans.
201 ; 61 N. Y. 214 ; *Sherwood* v. *A. Ins. Co.*, 73 id. 447 ;

*Foote* v. *H. Ins. Co.*, 119 Mass. 259 ; *F. Ins. Co.* v. *Archer*, 36 Ohio St. 608 ; 10 Ins. L. J. 370 ; *Baldwin* v. *P. Ins. Co.*, 60 N. H. 164 ; *Langdon* v. *M. F. Ins. Assn.*, 22 Minn. 193.) The evidence tending to show that Northrup, the solicitor of the defendant, was informed that the plaintiff, William T. Walton, owned the property, but intended at some future time to convey the same to his wife, Eliza D. Walton, should have been excluded. ( *Wilson* v. *G. M. Ins. Co.*, 14 N. Y. 418 ; *Alexander* v. *G. F. Ins. Co.*, 66 id. 467 ; *Merserau* v. *P. M. L. Ins. Co.*, 66 id. 274 ; *McCloskey* v. *P. W. Ins. Co.*, 126 Mass. 306 ; *A. Ins. Co.* v. *Montague*, 38 Mich. 548 ; 31 Am. Rep. 326.) The agent had no power to waive the conditions of the policy. ( *Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5 ; *Marvin* v. *U. L. Ins. Co.*, 85 id. 278, 282 ; *W. Ins. Co.* v. *Rector*, 3 S. W. Rep. 415 ; *F. D. L.*, etc., *Works* v. *M. and M. Ins. Co.*, 34 N. W. Rep. 35, 37 ; *Havens* v. *Home Ins. Co.*, 12 N. E. Rep. 137 ; 111 Ind. 90 ; *Forbes* v. *A. M. F. Ins. Co.*, 9 Cush. 470 ; *McNierny* v. *A. Ins. Co.*, 48 Hun, 239, 243.) The trial judge erred in charging " that a policy to a husband and wife is not void because the husband alone had the fee, and that an assignment of that policy from the husband to the wife, the wife taking the fee in place of the husband, does not destroy the policy." ( *Oakes* v. *M. Ins. Co.*, 131 Mass. 164 ; *Baldwin* v. *H. F. Ins. Co.*, 12 Rep. 116 ; *A. Ins. Co.* v. *Montague*, 38 Mich. 548 ; 31 Am. Rep. 326 ; *Baldwin* v. *P. Ins. Co.*, 60 N. H. 164 ; *Langdon* v. *M. F. Ins. Assn.*, 22 Minn. 193.) The refusal of the trial court to charge the jury that there can be no recovery for horses under the policy, as the animals destroyed were not in the barn insured by the policy, was error. ( *L. Ins. Co.* v. *Updegraff* 40 Penn. St. 311 ; *P.*, etc., *R. R. Co.* v. *Y. Ins. Co.*, 10 R. I. 74 ; *Severance* v. *Con. Ins. Co.*, 5 Biss. 156 ; *Hews* v. *Atlas Ins. Co.*, 126 Mass. 389 ; *A.*, etc. *R. R. Co.* v. *B. Ins. Co.*, 32 Md. 37 ; *E. S. F.* v. *C. Ins. Co.*, 1 Cliff. 300 ; *Bryce* v. *L. Ins. Co.*, 55 N. Y. 240, 244.) Words and phrases, not technical in their character, used in policies of insurance are to be construed according to their ordinary acceptance.

(*Springfield F. and M. Ins. Co.* v. *Allen,* 43 N. Y. 394; *Groat* v. *Gile,* 51 id. 431; *Glancius* v. *Black,* 67 id. 563; *Blossom* v. *L. Ins. Co.,* 64 id. 162.)

*W. W. Westervelt* for respondent. The application for insurance was special. (*Richmond* v. *N. Ins. Co.,* 79 N. Y. 230.) The application was acted upon by appellant and the policy issued in conformity therewith. (*Benninghoff* v. *A. Ins. Co.,* 93 N. Y. 495.) The transfer of title from William T. Walton through a third party to his wife before loss occurred is not such a transfer as would void the policy. (*Wolfe* v. *S. F. Ins Co.,* 39 N. Y. 49; *Benninghoff* v. *A. Ins. Co.,* 93 id. 495.) If either plaintiff is entitled to judgment a nonsuit cannot be granted. (Code of Civ. Pro. §§ 448, 498, 499, 1204.)

PARKER, J. The contract of insurance upon which the plaintiffs base their right to recover in this action, provided that if the property insured be sold or conveyed, or if the interest of the parties be changed in any manner, the policy shall be null and void, until the written consent of the company at the home office shall be obtained.

Subsequent to the issuance of the policy the property was conveyed by Walton, through a third person, to his wife without the written consent of the company. Thus, by the terms of the contract, the policy of insurance became of no effect. Upon the trial the plaintiffs sought to relieve themselves from the effect of the violated condition by the introduction of oral evidence tending to show that Walton informed the defendant's solicitor of his intention to convey to his wife after a few months, and requested that the policy be so drawn as to cover his interest before conveyance and that of his wife afterwards, and that the solicitor informed him that he could accomplish that result by issuing the policy to William T. Walton and wife. The evidence upon that subject was seasonably objected to by the defendant, but was received by the

court, and the jury, in a special finding, found the fact to be as contended for by the plaintiffs.

The question presented, therefore, is, can the plaintiffs be permitted to show, in contradiction of the express terms of the contract, that it was orally agreed before its making and delivery that they should be permitted thereafter to do an act which the contract forbids?

This is not an action brought to so reform a contract as that it shall be made to voice the agreement which the parties intended to make. On the contrary, it is based on the policy as it was written, and cannot be maintained by evidence that the contract was intended to be a different one. For a policy of insurance is presumed to embrace the entire agreement of the parties. The precedent oral agreement cannot be regarded as a part of the policy or in any wise effective as a contract. Like other written contracts the oral agreement, preceding its execution and delivery, is presumed to have become merged in it, and its terms cannot be controlled or varied by parol evidence. (*Pindar* v. *Resolute Fire Ins. Co.*, 47 N. Y. 114; *Ripley* v. *Ætna Ins. Co.*, 30 id. 136; *Alston* v. *Mechanics' Mutual Ins. Co.*, 4 Hill, 329.)

The cases of *Van Schoick* v. *Niagara Insurance Company* (68 N. Y. 434); *Woodruff* v. *Imperial Insurance Company* (83 id. 135) and *Short* v. *Home Insurance Company* (90 id. 16), are not in conflict with this rule. True, oral evidence was received in each of those cases. It was not received, however, for the purpose of contradicting the written agreement, or to show that the parties made a different contract than the one expressed, but to demonstrate that the insurer, at the time of the issuance of the policy, had knowledge of the facts, the existence of which were asserted upon the trial, to constitute a breach of warranty. Upon such proof was predicated an estoppel against the insurer. It was held, in effect, that if the insurer receive pay for a policy of insurance, knowing it to be invalid when issued, he shall be deemed to be estopped from insisting upon its invalidity. The object of this rule is to prevent

fraud and to render it impracticable for insurers to attempt the acquisition of premiums upon policies known to be invalid when issued. The principle of those cases cannot be applied here. The act which the contract declares shall vitiate the policy had not been performed when the policy was issued. It was not an existing fact. The policy was, therefore, valid at the time of its issuance, and so remained until the property was conveyed without the consent of the defendant. Certainly, the facts here disclosed fail to suggest a fraud which will estop the defendant from interposing as a defense the warranty against a conveyance of the property. As the defendant is not estopped and the action is brought upon the contract as it was written, it follows that the admission of parol testimony to vary or contradict one of its provisions was error.

The judgment should be reversed and a new trial granted, costs to abide the event.

BRADLEY, J. (dissenting). The main question is whether there was a breach of the provision of the policy that " if the said property shall be sold or conveyed, or if the interest of the parties therein be changed in any manner, whether by act of the parties or by operation of law  *  *  *  this policy shall be null and void until the written consent of the company, at the home office, is obtained," and, if so, whether such breach is available to the defendant as a defense. When the policy was made and the property by it insured, the title to the property was in the plaintiff, William T. Walton, and afterwards, before the loss, it was conveyed by him, through a third party, to his wife, the plaintiff Eliza D. Walton, who had the title at the time of such loss. The policy was made to both of the plaintiffs, and by it the defendant undertook to make good to the insured, their heirs, executors and administrators, such loss or damage, not exceeding in amount the sum insured, as should happen by fire to the property during the term of the insurance. This contract was made by the defendant to plaintiffs jointly, apparently for the purpose of indemnifying

both of them against loss or damage as to all the property, as if they had a united interest in it. The inquiry arises, why was this done so by the defendant? If the company were not advised that the title was wholly in the husband at the time the contract was made, it might be said that the policy was made in that form because it was called for by the application of the plaintiffs. But that question is answered by evidence, on the part of the plaintiffs, to the effect that when the defendant's agent called upon the husband to obtain the insurance, he was advised by him that he then had the title and intended to convey the property to his wife, and wanted the policy so that it would insure the property while he held it and have the like effect after the conveyance to her, and was informed by the agent that it could be done by a policy to both of them. It was then understood that it should be so made for that purpose, and an application was prepared by the agent accordingly. And when the agent delivered the policy, he assured the husband that such was its effect. Upon that subject the jury specially found that there was an understanding between the agent and Mr. Walton, at the time the application was made, that the premises would be transferred by the latter to his wife thereafter, and that the policy was issued to Walton and his wife, on that account, by the defendant. The powers of the agent were somewhat defined by his certificate of appointment, which was that he was constituted agent, "with full power to receive proposals of insurance, * * * to consent to assignments of policies and to attend to the business of said agency, in accordance with the rules and regulations of said company, and to such instructions as may be given by its officers." He was not, therefore, a general agent of the defendant, and had not the power to waive the condition of the policy first above mentioned. ( *Wilson* v. *Genesee Mut. Ins. Co.*, 14 N. Y. 418.) But the defendant was responsible for the acts of the agent within the scope of his authority, and chargeable with the knowledge he acquired in the exercise of his power, having relation to it, and upon which he acted, and the parties insured relied in their dealing with him. The matter of title to the

Dissenting opinion, per BRADLEY, J.

property, at the time the application and policy were made, was a legitimate fact of inquiry and representation. The policy provides that applications for insurance must be made in writing and signed by the applicant, or by his authority, and that all its statements will be deemed warranties; and if the interests of the insured be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the insured, it must be so represented to the company in the application, otherwise the policy will be void. And any misrepresentation or concealment will have the like effect. It may be assumed, so far as it is essential to do so, that the defendant was charged with knowledge of any information received by the agent on the occasion of taking the application, in respect to the title to the property insured. (*McEwen* v. *Montgomery, etc., Ins. Co.,* 5 Hill, 101; *Van Schoick* v. *Niagara F. Ins. Co.,* 68 N. Y. 434.) The company then, with knowledge that the wife had no title to the property, united her with her husband as a party, insured by the policy, for the purpose of indemnifying her against such loss as she might suffer at the time and in the event it should occur. That interest was dependent upon transfer of the property or some interest in it to her by her husband. There was no apparent reason, for making the wife a party to the policy, other than that she might subsequently acquire some interest in the property. It would, therefore, seem that the taking by the wife of the title or some interest in it from her husband, may be deemed to have been in contemplation between the parties to the contract of insurance when the policy was issued, and that the defendant may be estopped from asserting to the contrary. It cannot well be claimed that the wife was joined with a view to her inchoate right of dower in the real property covered by the policy. It is only the entire, unconditional and sole ownership that is insured, unless otherwise represented in the application. The title of the property or interest in it, of any party insured, is in no manner qualified in the application or policy. In view of the situation, as above represented, there arises the further question, Was the property

sold or conveyed, or the interest therein of the parties insured, in any manner changed within the meaning of the provisions of the policy? The title had not passed from those parties at the time of the loss. The conveyance, through a third party to the wife, had the effect only to take the title beyond them on its way to her, and, in practical effect, is no different than if it could have and had been made directly from the husband to the wife. ( *Wolfe* v. *Security Fire Insurance Co.,* 39 N. Y. 49.) If they had held the title jointly when the policy was made, transfers thereafter made between them would seem not to come within the condition of the policy relating to the sale or conveyance of the property insured or to the change of the interest of the parties in it. Such is the weight of authority upon that subject. (*Hoffman* v. *Ætna F. Ins Co.,* 32 N. Y. 405; *Keeney* v. *Home Ins. Co.,* 71 id 402; *Dresser* v. *U. F. Ins. Co.,* 45 Hun, 298; *Burnett* v. *Eufaula Home Ins. Co.,* 46 Ala. 11; 7 Am. R. 581; *Pierce* v. *Nashua Ins. Co.,* 50 N. H. 297; 9 Am. R. 235; *Dermani* v. *Home Mut. Ins. Co.,* 26 La. Ann. 69; 21 Am R. 544; *West* v. *Citizen's Ins. Co.,* 27 Ohio St. 1; 22 Am R. 294; *Texas Banking and Ins. Co.* v. *Cohen,* 47 Tex. 406; 26 Am. R. 298; *Powers* v. *Guardian F. Ins. Co.,* 136 Mass. 108; 49 Am. R. 20; *Peck* v. *New London Mut. Ins. Co.,* 22 Conn. 575; *Lockwood* v. *Middlesex Mut. As. Co.,* 47 id. 553.) And a reason for such construction, as given by Judge PORTER in the Hoffman case, and adopted in some of the other cases cited, was that the sales and conveyances which the parties had in view when the condition was made part of the contract, was " evidently such, and such only, as would transfer the proprietary interest of those with whom the insurers contracted to others with whom they had not consented to contract. They testified their confidence in each of the assured by issuing to them the policy, but they did not choose to repose blind confidence in others who might succeed to the ownership. * * * The design of the provision was to interdict all sales of proprietary interests by parties insured to parties not insured." In the present case both plaintiffs

were parties to the contract, and both were insured by it. The wife, no less than the husband, was by the terms of the policy insured. The title and entire interest in the property remained in the parties whom the defendant undertook by the contract to indemnify. The reason of the rule of construction applied in the Hoffman case is applicable to this case. The confidence reposed in the plaintiffs must be deemed to have been equal as to each, because the contract was made alike with both of them. Such contracts are of a personal nature, and in making them are involved considerations having relation to the character of the persons insured, as upon their care and vigilance the reasonable protection of the property against the hazard assumed by the insurer is dependent. Hence it is that such conditions are inserted in policies, so that the insurers may not be subjected to consequences of the habits, or motives of interest, of those with whom no contract of insurance has been made. The purpose of a provision in a contract, may be entitled to some considerations in its construction and application, with a view to the intention of the parties, and that such intention may be carried into effect. (*Kelley* v. *Upton*, 5 Duer, 336; *Parshall* v. *Eggert*, 54 N. Y. 18; *Colt* v. *Phœnix Ins. Co.*, Id. 595.) And as was said in *Hoffman* v. *Ætna Insurance Company* (32 N. Y. 413): "Words should not be taken in their broadest import when they are equally appropriate in a sense limited to the object the parties had in view." In such case the language employed will be construed contra proferentum, and will be given such import as the promisor had reason to suppose the other party understood it. (*McMaster* v. *Insurance Co.*, 55 N. Y. 222; *White* v. *Hoyt*, 73 id. 505.) It is only when no other construction is permitted that such one as produces a forfeiture or renders a contract void will be adopted. (*Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y. 68; *Dilleber* v. *Insurance Co.*, 69 id. 256; *Coyne* v. *Weaver*, 84 id. 386.) The promise of the defendant was to make good the loss or damage to the property which the plaintiffs should sustain. This was subject to the condition that the property

should not be sold or conveyed or the interest therein of the plaintiffs changed. The title did not, nor did any interest in it, pass from the parties insured. It was wholly in those parties when the policy was made, and was still there at the time of the loss. In that sense there was no sale or change of interest, and in that sense the language of the condition may be interpreted, and thus the supposed intention of the parties to the contract effectuated. They are, by the terms of the policy, treated as one party to it without any distinction as to interest or as to the beneficial results which might come from the promised indemnity. This leads to a further proposition that the defendant, chargeable with knowledge of the situation of the title to the property at the time the policy was made, treated the plaintiffs as interested jointly in it; and if that relation were essential to the right of transfer between themselves without breach of the condition before mentioned, the defendant is disabled, for the purpose of defense, from denying to them the benefit which such relation would afford. Otherwise, it may be said that the defendant had furnished an opportunity to itself to practice a fraud upon them, which could not have existed if the policy had been made to the husband alone, for in that case, on the sale and conveyance to the wife, she could have taken the consent of the company to the transfer and continued the policy for her benefit, or have obtained insurance elsewhere. (*Short* v. *Home Ins. Co.,* 90 N. Y. 16.) The fact that she was made a party to it, under the circumstances which placed her in that relation, rendered the consent, which the agent was authorized to give, of transfer of the policy unnecessary, and she was at liberty to assume that it was effectual for her indemnity.

For these reasons I dissent from the views of the majority of the court on the main question before stated. The evidence of the conversation between the agent and the plaintiff was at least competent to prove that the information was given to the former, in respect to the title of the property, that it was in the husband at the time the application and policy were made.

None of the defendant's exceptions seem to have been well taken. The evidence tended to prove that the requisite notice was given of that loss, and that proofs of loss were furnished to and retained by the company. (*Hermann* v. *Niagara F. Ins. Co.*, 100 N. Y. 412.)

No objection was taken by the answer to the joinder of the parties plaintiff, and, therefore, it is unnecessary to consider the question whether they were properly united as plaintiffs.

The provisions of the policy relating to the barns in which animals were insured, referred to all the barns embraced in it at the time of the loss. The authorities cited by the defendant's counsel do not support his contention on this question.

The judgment should be affirmed.

FOLLETT, Ch. J., POTTER and VANN, JJ., concur with PARKER, J.; HAIGHT and BROWN, JJ., concur with BRADLEY, J , dissenting.

Judgment reversed.