This is an appeal from the judgment of the Superior Court of the city of New York affirming a judgment dismissing the complaint after trial on an agreed written statement of facts.
The material facts are as follows, viz.: The defendant insured Verdier on his stock of hardware, and during the life of the policy Verdier took in a co-partner, Brown, transferring to him a three-tenths interest in the insured property; shortly after this transfer the fire occurred.
The policy contained this provision, viz.: "Or if the propery be sold or transferred, or any change takes place in title or possession, * * * this policy shall be void."
The question presented by this appeal is whether the fact of the insured having taken in a partner rendered the policy void.
It was stated on the argument that this precise point had never been presented to this court, but it is insisted that the *Page 198 
trend of some of our decisions is in favor of plaintiff's contention that the policy is not avoided by taking in a new partner.
The first case is Hoffman v. Ætna Fire Ins. Co. (32 N.Y. 405). It was there held that the effect of the usual proviso against sales in policies of insurance is not to interdict sales by the owners as between themselves; that the design of the provision was to prevent sales to parties not insured.
The second case is Walton and Wife against Agricultural Ins.Co. (116 N.Y. 326). This was a case in the Second Division. The policy contained the clause against transfer.
While the policy was in force Walton, through a third person, conveyed the insured property to his wife, and subsequently the fire occurred.
The plaintiffs sought to relieve themselves from the effect of this transfer by showing that Walton informed the defendant's solicitor of his intention to convey to his wife after a few months, and requested that the policy be so drawn as to cover his interest before conveyance and that of his wife afterwards, and that the solicitor informed him that the result could be accomplished by naming him and his wife as the parties insured.
The trial court admitted the evidence, and this court reversed the judgment on the ground that it was error to admit parol evidence to vary or contradict one of the provisions of the policy.
While the decision of this case went off on a question of evidence, it is clear that the wife of Walton had no insurable interest at the time the policy was issued, and that the subsequent transfer to her was not a transaction between the insured, but was a sale by the insured to a stranger to the policy. As the case was properly disposed of on the question of evidence the court did not pass on this point.
The third case is Walradt against Phœnix Ins. Co. (136 N.Y. 375), where it was decided that the issuing of an execution, and a levy thereunder, did not work a change of title or interest within the meaning of the policy. *Page 199 
None of these cases deals with the question now under consideration.
We think it perfectly clear on principle that the sale of an interest in the insured property by Verdier to Brown and the formation of a co-partnership between the two rendered the policy void.
The contract of insurance is peculiarly personal in its nature, and the success of the business of underwriting depends largely upon what is known as the moral hazard.
It is a well-established principle of the common law that every man has the right to determine with whom he will enter into contract obligations.
An insurance company is induced to issue or withhold its policy after carefully scrutinizing the character of the applicant for insurance.
It is of the utmost importance to the company to ascertain who is to be vested with the title and possession of the property sought to be insured.
It would be a harsh and indefensible rule that required the underwriter, who had insured an individual on a stock of goods in a store, to continue the insurance after the insured had taken in two partners and formed a firm wherein each partner was vested with an undivided third interest in the property covered by the policy, without having been afforded the opportunity to examine into the moral and business characters of two strangers to the original contract.
This right of the insurance company was in nowise invaded when this court held that a sale by one partner to another of his interest, where both were insured, did not avoid the policy.
It is only when a stranger is to be brought into contractual relations with the insurance company that the consent of the latter is essential.
This right of the company has been upheld in other jurisdictions. (Drennen v. London Assurance Corporation,
20 Federal Rep. 657; Card v. Phœnix Ins. Co., 4 Missouri Appeals, 424; Malley v. Atlantic Fire and Marine Ins. Co.,51 Conn. 222, 250, 251.) *Page 200 
The appellant urges that the protection of the policy should be extended to the new partner by virtue of the following words contained therein, viz.: "And the said Home Insurance Company hereby agree to make good unto the said assured, his executors, administrators and assigns, all such immediate loss," etc. It is argued that the word "assigns" extends the insurance to the new partner's interest.
The policy is capable of no such construction; the clause in question is merely a covenant on the part of the company with the insured to pay to him or his legal representatives or assigns, the amount of the loss that may become due to him under the terms of the policy.
The judgment and order appealed from should be affirmed, with costs.
All concur.
Judgment accordingly.