(55 Misc. 125)

### ADOLPH G. HUPFEL SONS v. BOSTON FIRE INS. CO.

(Supreme Court, Trial Term, New York County.   June 3, 1907.)

INSURANCE—FORFEITURE OF POLICY—BREACH OF CONDITION SUBSEQUENT.

Where the tenant of a piece of land erected a building, which was insured in favor of a mortgagee of the building by a policy requiring the mortgagee to notify the insurer of any change of ownership or occupation, and the landlord executed a warrant of dispossess against the tenant, the failure of the mortgagee to give the insurer notice of the change in the occupancy avoided the policy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 760.]

Action by Adolph G. Hupfel Sons against the Boston Fire Insurance Company. On motion to dismiss the complaint. Granted.

Guggenheimer, Untermeyer & Marshall, for plaintiffs.
W. D. Williams, for defendant.

DAYTON, J. Action to recover $4,000 upon a $5,000 policy of fire insurance issued August 24, 1904, expiring September 20, 1905, to R. & J. Florence, loss payable to plaintiffs as mortgagees. The mortgage clause in the policy provided that "this insurance, as to the interest of the mortgagees only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within-described property, nor by any foreclosure or other proceedings, or notice of sale relating to the property, nor by any change in the title or ownership of the property * * *"; also that the "mortgagees shall notify the company of any change of ownership or occupancy." The premises upon which the insurance was effected were described as "the brick and stone building and extensions thereto, occupied as at present, and privilege for other occupations not more hazardous, situate on the southeast corner of One Hundred and Eighty-Sixth street and Amsterdam avenue. * * * Privileged to stand on leased ground and to remain vacant or unoccupied during a portion of each year." On May 1, 1899, Mark Ash leased the lot above mentioned to R. & J. Florence for five years at a rental of $1,000 per year, which instrument did not specifically mention any building. R. & J. Florence erected on the front of that lot a brick structure, and attached to the rear thereof an extension of wood, involving a cost of $5,685.20. On July 25, 1899, R. & J. Florence executed a mortgage to the plaintiff for $5,685.20, covering said leasehold, the building on said premises, and the contents thereof. On March 16, 1905, Mr. Ash obtained and had executed a warrant of dispossess against R. & J. Florence for $3,000 arrears of rent. On April 14, 1905, Mr. Ash conveyed the premises, without mentioning any buildings in his conveyance. On June 2, 1905, the buildings on said premises were destroyed by fire.

Defendant claims: (1) That as the lease expired May 1, 1904, and contained no agreement that the improvements upon the land were to remain the property of or could be removed by the lessee, said buildings became the property of Mr. Ash, and therefore plaintiffs had no insurable interest on June 2, 1905. (2) That upon the dispossess proceedings of March 16, 1905, R. & J. Florence and the plaintiffs abandoned the premises, and no notice of change of possession was given by plaintiffs to defendant. (3) That false and fraudulent proofs of loss were furnished by plaintiffs. (4) That the description of the buildings in the policy as "brick and stone" was a warranty of such construction, and that buildings of "brick and wood" were not within the contract. Under the direction of the court specific questions of fact were submitted in writing to the jury.

The uncontradicted evidence showed that the defendant had several times since 1899 insured these premises by the description "brick and frame." Mrs. Florence gave uncontradicted testimony that the original application for insurance was made by her to and after an inspection at the premises by a man claiming to represent the defendant. This fourth defense is, therefore, untenable.

The defense offered no testimony showing or tending to show that the proofs of loss were false or fraudulent. This third defense, therefore, fails.

As previously stated, the policy provided that the premises might remain vacant a portion of each year, but substantially uncontradicted testimony was that in February, 1905, notwithstanding the expiration of the term of the lease, the Florences being still nominally in possession (presumably as yearly tenants), an interview was had between Mrs. Florence and Mr. Ash, during which the latter requested the removal of the buildings within 30 days thereafter, giving as his reason his contract for the sale of the lot. Mrs. Florence testified that she unsuccessfully endeavored to find a purchaser for the buildings. The dispossess proceedings of March 16, 1905, followed, and the plaintiff removed from the buildings certain saloon fixtures and property covered by his mortgage. Here was an unqualified change of occupancy to the knowledge of the plaintiffs, and no proof was offered to show that defendant had notice or knowledge of such change. There was a complete devolution of title of any tenancy to the ground resulting from the dispossess proceedings. Mr. Ash laid no claim to the buildings, but, on the contrary, requested their removal, and afforded Mrs. Florence what would seem to have been a reasonable time therefor. The mortgagee might have removed them within that period by exercising his rights. At all events, they were neither sold nor removed. Assuming that the title to the buildings was in R. & J. Florence and their mortgagee, notwithstanding the dispossess proceedings, the final question is, did the failure of the insured to notify the company of any change of occupancy invalidate the policy? By the dispossess proceedings, not because of their nonuse by the tenant, the buildings became actually vacant March 16, 1905. If that provision in the policy is deemed to have any binding effect, it would seem that a situation was then presented singularly calling for its exercise. "It is of the utmost importance to the company to ascertain who is to be vested with the title and possession of the property sought to be insured." G. F. Ins. Co. v. H. Ins. Co., 144 N. Y. 199, 39 N. E. 77, 26 L. R. A. 591, 43 Am. St. Rep. 749. Equally was it of importance to the defendant company, especially in circumstances like these, to have notice of the change of occupancy lawfully effected March 16, 1905, nearly three months before the fire. It took the risk upon that clause of the contract, with which the insured was, in my opinion, bound to comply. His failure to so comply is, in my judgment, fatal to this action.

In view of the conclusion reached a discussion of the measure of damages is unimportant.

Motion to dismiss the complaint granted.