## SHEDD, RECEIVER, *v.* AMERICAN CREDIT INDEMNITY COMPANY OF NEW YORK.

[No. 7,261. Filed June 6, 1911.]

1. INSURANCE.—*Credit Indemnity.*—*Failure to Perform Contract.* —*Waiver.*—*Complaint.*—A complaint upon a credit indemnity insurance contract, which shows that a provision of the policy' was not complied with by assured, is bad, unless a waiver thereof is shown. p. 28.
2. INSURANCE.—*Contracts.*—*Obligation of.*—A provision in an insurance indemnity contract requiring the assured to file a final statement of its claim "in the manner prescribed by" the insurer, "upon blank forms" furnished upon application, is not ambiguous, and is binding upon the parties, unless waived. p. 28.
3. INSURANCE. — *Contracts.* — *Construction.* — Doubtful insurance contracts will be construed most strongly against the insurer, but a new contract will not be made by the court, and the provisions of the contract actually made, when free from fraud and not waived, will be enforced. p. 28.
4. WAIVER.—*Definition.*—*Insurance.*—Waiver imports the intentional relinquishment of a known right; an election to dispense with something of value, or to forego some advantage. p. 28.
5. INSURANCE.—*Waiver.*—*Custom.*—The custom of an insurance company followed for many years under former contracts, with reference to the reporting and adjusting of the plaintiff's losses by insolvency, cannot form the basis for a waiver of a provision in the present policy, identical with former ones, that the as-

sured, within thirty days from the expiration of the policy, shall make "a final statement of the claim * * * in the manner prescribed * * * upon blank forms * * * furnished upon application." pp. 29, 30.

6. CONTRACTS.—*Waiver.*—*Custom.*—Custom cannot control a contract in direct conflict therewith. p. 30.

7. INSURANCE.—*Indemnity.*—*Reports.*—A credit indemnity policy providing that the assured within thirty days from the expiration of the policy shall make "a final statement of the claim * * * in the manner prescribed * * * upon blank forms * * * furnished upon application" requires the assured to make the application for such blanks as a condition precedent to fixing a liability upon the insurer. p. 30.

8. INSURANCE.—*Credit Indemnity.*—*Current and Final Reports.*— *Waiver.*—A credit indemnity policy which provides in one section that the assured shall notify the insurer "within twenty days after the indemnified has received first information of the insolvency of the debtor," and in another section, that the assured shall furnish a complete statement of the whole claim within thirty days from the expiration of the policy, is not complied with, where only the reports of insolvency are furnished, since they do not furnish the information desired where the aggregate claim is asked for. p. 31.

From Superior Court of Marion County (77,581); *Vinson Carter,* Judge.

Action by the Gem Garment Company (Edwin H. Shedd, as receiver thereof being substituted as appellant), against the American Credit Indemnity Company of New York. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Charles R. Willson* and *Romney L. Willson,* for appellant. *Brown & Kepperley,* for appellee.

ADAMS, J.—This action was instituted by the Gem Garment Company against appellee, on an insurance policy or indemnity bond, by the terms of which said Gem Garment ,Company claimed there was due to it the sum of $2,392.95, net losses suffered on account of the insolvency of certain of its customers. The Gem Garment Company, since submission, passed into the hands of a receiver, and Edwin H. Shedd, as receiver of the Gem Garment Company, was, by order of the court, substituted as appellant herein.

The amended complaint is in one paragraph, and alleges that the Gem Garment Company (designated herein as appellant), is an Indiana corporation, with its chief place of business in the city of Indianapolis; that appellee is a New York corporation, doing business in the State of Indiana, in accordance with the laws regulating foreign insurance companies, and engaged in writing credit insurance; that on December 5, 1906, in consideration of $300, premium paid by appellant, appellee executed and delivered to appellant a policy of insurance, which guaranteed appellant against certain actual losses that might be sustained on account of the insolvency of its customers for one year from February 1, 1907 (a copy of such policy being attached to and made a part of the complaint); that during the term of the policy appellant suffered a large loss on account of the insolvency of certain of its customers (setting out said loss in detail, and aggregating the amount of the demand); that appellant has performed all the terms and conditions of said policy on its part to be performed, except as provided in clause five of said policy, which is as follows:

"Final settlement of claim. If any claim for excess loss is made under this bond, a final statement of the claim, duly sworn to, shall be made by the indemnified in the manner prescribed by this company, and upon blank forms which will be furnished upon application, and such final statement must be received by this company at its office, Broadway and Locust street, St. Louis, Missouri, within thirty days after the expiration of this bond; otherwise there shall be no liability under this bond. The adjustment shall be had within sixty days, after the receipt by this company of such final statement, and the amount ascertained to be due on covered proved losses shall at once become payable."

The complaint then avers that during the term of the policy, appellant had, in compliance with the provisions thereof, notified appellee on the blanks furnished by it, of the insolvency of each of its debtors, and of the amount that each owed appellant, and that at the expiration of

said policy appellee had full notice of the losses so sustained by appellant; that appellee, for a number of years prior to the execution of the policy sued on, had written credit indemnity insurance for appellant, and during such years appellee always, within thirty days from the expiration of each of said policies, by an authorized agent came to appellant and prescribed the manner in which it should make out its claims under such policies for the year then expired.

The complaint also avers that, after the execution of the policy in suit, appellant, relying upon the terms of said clause five, and of the custom of appellee in prescribing the manner of making final statement, expected to receive instructions from appellee for making out its final statement of claim as provided in said clause, and delayed preparing such statement until it should receive such instructions; that appellee did not communicate with appellant, nor give any instructions, nor prescribe any manner in which appellant should make such statement of claim, although appellee knew that appellant had sustained losses covered by said policy; that because of such failure to prescribe the manner of making final statement, and relying upon the terms of said clause five that appellee would so prescribe the manner of making such statement of claim, appellant did not make out such statement during the thirty days, as provided in said clause five.

It is further averred that appellant, in expectation of hearing from appellee, delayed taking any steps in making out its said claim until nine weeks after the expiration of the policy; that appellant then wrote to appellee in regard to it, but received no answer; that six days later it wrote again, and ten days later received from appellee a letter, wherein appellee denied its liability under said policy, for the reason that appellant had not filed its final statement of claim within the time provided for in said policy.

The bond, which is set out and made a part of the com-

plaint, provides that an initial loss shall be borne by the indemnified, and shall be eight-tenths of one per cent of the total amount of gross sales made by indemnified during the term of the bond, but said percentage shall be computed on sales of not less than $200,000, and said initial loss shall be deducted from the aggregate amount of the net covered, proved losses, ascertained in the adjustment.

The policy or bond is made subject to a number of other provisions. The first defines the class of debtors who shall be deemed to be insolvent for the purposes of the bond; the second relates to the credit ratings of such insolvent debtors, and limits the recovery of a certain per cent of the gross loss. Clause three is in part as follows:

"Notification of insolvency. Notification of each insolvency under this bond must be given by the indemnified to this company on blanks supplied by this company for that purpose, and must be received by this company at its office Broadway and Locust streets, St. Louis, Missouri, during the term of this bond, and within twenty days after the indemnified has received first information of the insolvency of the debtor; otherwise the loss shall not be included in the adjustment."

Clause four requires the indemnified to use diligence in procuring the largest possible amounts from insolvents. Clause six relates to the amount to be deducted in the adjustment from each gross loss. Other provisions in the policy provide, in detail, the manner of handling insolvent estates, but do not affect the question presented by this appeal.

Appellee demurred to the amended complaint, for the reason that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court. Appellant electing to abide by its amended complaint and exception to the ruling of the court in sustaining the demurrer thereto, final judgment was rendered in favor of appellee. Appellant has assigned as error the sustaining

of appellee's demurrer to the amended complaint, and this constitutes the only question presented by the record and briefs.

It will be noted that the complaint admits a failure on the part of appellant to make out a final statement of its claim for excess loss within thirty days after the expiration of the bond, as provided in clause five. Failure to make the statement, as required by the contract, would defeat a recovery in this case, and the complaint, disclosing such failure, would be bad on demurrer, unless the other facts averred therein are sufficient to constitute a waiver of this provision in the bond.

The contract required appellant to make a final statement of claim for excess loss, which is understood to mean any loss over a minimum of $1,600, the exact amount to be determined upon the entire sales made by appellant during the term covered by the policy. This statement was to be in the possession of appellee within thirty days after the expiration of the policy; otherwise there would be no liability. This provision in the policy is plain and unambiguous, and it is binding upon the parties, unless waived by appellee in the manner averred in the complaint.

In passing upon a contract of this general class, courts will construe it most strongly against the insurer, and will indulge all reasonable presumptions against a forfeiture, but courts will not make a new contract for the parties; and in this case, if the contract of indemnity sued on is consistent in all its parts, free from uncertainty, and there has been no waiver and no fraud, it follows that the rights of the parties must be determined according to the terms of their written agreement.

Waiver has been defined as the intentional relinquishment of a known right, or such conduct as warrants an inference of relinquishment of such right; an election by one to dispense with something of value or to forego

some advantage he might have taken or insisted upon. 29 Am. and Eng. Ency. Law (2d ed.) 1091; *Bucklen* v. *Johnson* (1898), 19 Ind. App. 406; *Warren* v. *Crane* (1883), 50 Mich. 301, 15 N. W. 465; *Fraser* v. *Aetna Life Ins. Co.* (1902), 114 Wis. 510, 90 N. W. 476; *Virginia, etc., Ins. Co.* v. *Aiken* (1886), 82 Va. 424.

In Bishop, Contracts (2d ed.) §792, the author says: "Waiver is where one in possession of any right, whether conferred by law or by contract, and with full knowledge of material facts, does or forbears the doing of something inconsistent with the existence of the right or of his intention to rely upon it; thereupon he is said to have waived it, and he is precluded from claiming anything by reason of it afterwards."

Measured by these definitions, we find nothing in the complaint establishing directly or inferentially an intention on the part of appellee to waive any provision in the contract. It is true, the complaint avers that appellant had for a number of years been a policy-holder in appellee company, and always during such years, and within thirty days after the expiration of appellant's policies, an authorized agent of appellee came to appellant, and prescribed the manner in which its claim against the appellee should be made out; that, relying upon the terms of clause five, and the custom of appellee, appellant delayed taking any steps toward making out its final statement until nine weeks after the expiration of the policy in suit. If the purpose of these averments is to establish an estoppel or a constructive waiver, we think it fails, for the reason that the action of appellee, through its agent, relates not to the contract in suit, but to former contracts between the same parties. It is elemental that where a party seeks to be relieved from the obligations of a contract by showing a waiver, either express or constructive, by the other party, he must show that such waiver was exercised with reference to the contract forming the basis of the action, and, to be

available, the acts relied upon as constituting the waiver must be subsequent to the written contract, and have been done with intent to waive some provision of "the contract. *United Firemen's Ins. Co.* v. *Thomas* (1897), 82 Fed. 406, 27 C. C. A. 42, 47 L. R. A. 450; *Havens* v. *Home Ins. Co.* (1887), 111 Ind. 90, 94, 60 Am. Rep. 689; *Walton* v. *Agricultural Ins. Co.* (1889), 116 N. Y. 317, 22 N. E. 443, 5 L. R. A. 677; *Franklin Life Ins. Co.* v. *Sefton* (1876), 53 Ind. 380, 388.

6. Nor does it aid appellant to characterize as a custom the assistance given by the agent of appellee, in making out final statements under former contracts. Proof of a custom will not be heard, when in direct conflict with the express terms of a contract sought to be avoided. *Atkinson* v. *Allen* (1868), 29 Ind. 375; *Clem* v. *Martin* (1870), 34 Ind. 341; *Franklin Life Ins. Co.* v. *Sefton, supra.*

5. Moreover, in this case, the custom alleged was with reference to other policies, the nature, terms and obligations of which are not shown in the complaint, and it does not appear that the agent on such former occasions did not come in response to an application for the blank forms upon which the final statement is required to be made.

7. It appears from the complaint that appellant did nothing in the way of making the proof of loss as required, until five weeks after the thirty days given to make said proof had passed. By clause five of the contract, it was provided that where there was any claim for excess loss, the final statement thereof should be made by the indemnified in the manner prescribed by the company, and upon the blank forms which the company would furnish upon application, and it was expressly provided that no liability would arise in the event that such final statement was not received by appellee within thirty days after the expiration of the policy.

The appellant insists that, under the terms of the pro-

vision heretofore quoted, it was incumbent upon appellee to prescribe the manner of making the final statement, and that this was a duty enjoined upon appellee under the contract, as the initial step in the settlement. We do not so read the clause herein set out. While the final statement is to be made in the manner prescribed by the company, it is to be made upon the blank forms which the company agrees to furnish upon application. Clearly then, as the first step, the indemnified must apply to the company for the blank forms, for no final statement could be made except upon such forms, and there was no obligation upon appellee to furnish forms, except upon application. Indeed, we fail to understand how appellee could have any notice of excess loss, in the absence of some information from appellant, at the expiration of the policy, that such a loss had been sustained.

It is, however, urged by appellant that appellee, at the expiration of the year, had full notice of the losses, having been notified, as provided in clause three, of each loss within twenty days after receiving the first information of insolvency. Manifestly, clause three was not intended to supply the final statement contemplated by clause five, but was intended to give the indemnity company notice of the gross loss, and the name and residence of each insolvent. The contract in this case provided that an initial loss of eight-tenths of one per cent of the entire sales made during the term of the policy was to be borne by the indemnified, and this initial loss was not to be less than $1,600, the actual amount to be determined upon the entire sales of the year. The amount of such sales could not be ascertained until the close of the year. The current notices of insolvency advised appellee of the amount of appellant's claim against each insolvent; but to assume that the loss in each case was total, would be wholly unwarranted. The notice contemplated by clause three was not intended to furnish data from which appellee could ascertain the ex-

tent of its liability. In the absence of the final statement appellee could not know the amount of the initial loss, or that the loss for which it was liable was in any sum in excess of the initial loss. The agreement of the parties provided that should there be any claim for excess loss, a final statement thereof, duly sworn to, should be made by the indemnified in the manner prescribed by appellee, and upon blank forms to be furnished upon application. While it is incumbent upon appellee to prescribe the manner of making the final statement, where an excess loss is claimed, it is the duty of appellant to advise appellee of such claims, and apply for the forms upon which to make the final statement. The complaint fails to show that this requirement was waived, and the demurrer was properly sustained.

Judgment affirmed.