STATE OF INDIANA EX REL. HUDELSON v.
CLARKS HILL TELEPHONE COMPANY.

[No. 20,174. Filed July 6, 1966. Rehearing denied August 17, 1966. Transfer denied November 17, 1966.]

*William K. Bennett,* of Lafayette, for appellant.

*Bishop and Bishop,* of Flora, and *Robison and Robison,* of Frankfort, for appellee.

BIERLY, J.—This action was initiated in the court below by Relator Hudelson to mandate the appellee to transfer on its

books certain shares of stock of the appellee corporation; and to issue to relator a certificate representing his shares of stock, thus permitting the appellant to have and to exercise all of the rights of a stockholder of appellee corporation.

The appellee filed an answer in two paragraphs to relator's complaint; the first in admission and denial, and the second asserted that certain by-laws of the corporation were in existence which prohibited the shareholders from owning more than three shares of stock in the corporation; and, also prohibited the selling of shareholders shares until the shareholder had first given the corporation an option to purchase the shares. The second paragraph of answer also alleged that the relator was at one time elected a member of the Board of Directors of the appellee corporation, and had knowledge of all by-laws referred to, and purchased the stock with full knowledge of the restrictions.

The appellant then filed a reply, denying the existence of any such alleged by-laws, and knowledge of any such by-laws.

Upon these issues a trial was had by the court, without the intervention of a jury. The court found for the defendant-appellee with costs assessed against the relator, and entered consistent judgment thereon.

It is from this judgment relator appeals, assigning as error that the court erred in overruling relator's motion for a new trial. Within said motion are the following specifications of error:

"1. The decision and finding of the court is not sustained by sufficient evidence.

"2. The decision and finding of the court is contrary to law."

The first specification of error in the above motion for a new trial presents no question for this court in that the relator had the burden to establish the allegations of his complaint, and a decision in the trial court adverse to his position cannot be attacked upon the ground that there is insufficient evidence to sustain it. *Pokraka* v. *Lum-*

_mus Co._ (1952), 230 Ind. 523, 104 N. E. 2d 669; _Rowe_ v. _Johnson_ (1945), 223 Ind. 289, 60 N. E. 2d 529.

Therefore, the only alleged error remaining to be answered is whether or not the verdict was contrary to law.

Relator, in his argument, poses five points in which the decision of the court below is contrary to law.

His first contention is that any restriction on the transfer of shares of stock must be printed upon the face of said certificates to be legally valid. The authority cited for this requirement is Burns' § 25-715 (1960 Replacement) which states:

> "There shall be no lien in favor of a corporation upon shares represented by a certificate issued by such corporation and there shall be no restriction upon the transfer of shares so represented by virtue of any by-laws of such corporation, or otherwise, _unless the right of the corporation to such lien or the restriction is stated upon the certificate."_ (Emphasis supplied).

In _Doss_ v. _Yingling_ (1930), 95 Ind. App. 494, 503, 172 N. E. 801, in reference to this statute, the court stated:

> "The above act of our legislature in relation to the transfer of shares of stock was 'designed for the protection of innocent purchasers of stock, in the open market or otherwise and not at all as a shield by one with knowledge of a condition to unconsciously protect himself from the consequences thereof.' _Baumohl_ v. _Goldstein_ (1924), N.J. Eq. 597, 124 Atl. 118."

In the case at bar the relator, by his own admissions, knew of the existence of the restrictions, but continued to purchase more shares, claiming that he never believed the restrictions were valid and he never acted upon the theory that they were.

It is not the duty of this court to probe into relator's mind to glean what his intentions and beliefs were, but the fact that he had knowledge of the restrictions satisfies the requirements of the statute.

Relator's next contention is that there were no 1928 by-laws in existence. "To determine this question we will consider only the evidence most favorable to appellee, together with any reasonable inferences which may be drawn therefrom." *Pokraka* v. *Lummus Co., supra,* p. 529.

"Where the evidence is without conflict and leads to but one reasonable conclusion and the trial court has reached a contrary conclusion, then on appeal such decision will be reversed." *Clapham* v. *City of Huntington* (1941), 109 Ind. App. 244, 247, 32 N. E. 2d 118.

The evidence most favorable to the appellee on this point is that there was introduced into evidence, a work copy, a ribbon copy, and a carbon copy of what was alleged to be the 1928 by-laws. The corporate records prior to 1938 were lost. There was testimony to the effect that it was common knowledge in the community of the restrictions contained in the 1928 by-laws, and everyone acted as if the 1928 by-laws were in effect. We are of the opinion that this is sufficient evidence upon which the court below could have drawn a reasonable inference that there were 1928 by-laws, and hence we find no error in that contention.

Relator's third contention is that the by-laws, which were re-written in 1956, were not legally adopted.

Having found that the court below could have reasonably inferred the existence of the 1928 by-laws, the relator's third contention will become moot. The same can be said for relator's fifth contention that the three shares per stockholder limit, provided for in the 1956 by-laws, is invalid, for this provision is not in the 1928 by-laws.

The relator's fourth contention is that the first option by-law is invalid, as provided by the 1928 by-laws, because it is a restraint of trade and thus seriously impairs alienability. The by-law in question reads as follows:

"No stockholder shall sell his shares of the common capital stock of this company without first giving the company the

refusal of the same at the lowest cash price at which such stockholder is willing to sell, by written notice to the company thirty days prior to the time of any such sale and transfer."

This type of restriction is commonly referred to as "first option" restraint. Its purpose is to vest control within the corporation, and to prevent an outsider from gaining control by the purchase of shares. As a general rule, the validity of such restraints depend upon the circumstances giving rise to the particular restraint. *Doss* v. *Yingling, supra.* In viewing the circumstances, prime attention should be given to the reasonableness of the restraint in light of the character and needs of the corporation.

In the case at bar, the restraint is typical of these provisions. The corporation in question, although it is classified as a corporation for profit, is not a typical example of a corporation for profit. Its primary purpose is to provide telephone service for the town of Clarks Hill. It is more in the nature of a community project, and although there were some one hundred and twenty-five (125) shareholders, it would be to their advantage to prevent the control of the corporation to fall into the hands of any single person, or a group of persons with selfish purposes.

This court is of the opinion that the restraint in question is reasonable, and therefore permissible.

Upon a review of the evidence, we find it was stipulated that the only shares which were first offered to the corporation were four shares at $100.00 per share, which were refused by the corporation, as reflected by the minutes of the meeting of June 15, 1960, and that no other minutes reflect any other such stock offers. It is not clear from the record whether relator then purchased these four shares or if they were ever sold. But as to the remaining shares which relator purchased, we are of the opinion that the trial court committed no reversible error, and that the judgment should be affirmed.

Judgment affirmed.

Smith, C.J., concurs and Hunter and Mote, J.J., concur.

NOTE.—Reported in 218 N. E. 2d 154.