SNYDER *v.* INTERNATIONAL HARVESTER CREDIT CORP.
[No. 469A62. Filed August 13, 1970.]

*Richard W. Mehl,* of Goshen, *Donald E. Bowen, Bowen, Myers, Northam & Soards,* of Indianapolis, for appellant.

*James A. Simpson, Simpson & McLaughlin,* of Goshen, for appellee.

COOPER, J.—This matter originated in the Elkhart Circuit Court wherein the plaintiff-appellee brought an action in replevin against the defendant-appellant. Thereafter, the cause was venued to the Noble Circuit Court from which this appeal comes. The complaint alleged that the defendant-appellant had, and unlawfully retained possession of, a certain truck, and prayed for the immediate possession of said truck together with damages for the unlawful detention thereof.

The defendant-appellant, in compliance with Rule 1-3 of the Rules of the Supreme Court of Indiana, filed an answer denying the material allegations of the plaintiff-appellee's complaint. Thereafter, the defendant-appellant filed what was denominated a cross-complaint against the plaintiff-appellee, alleging therein that at the time of the purchase of the truck he had executed certain papers and security agreements, that he was current in his payments, that the taking of his truck in replevin was wrongful, and prayed for damages in the sum of $11,000. The plaintiff-appellee filed its answer to the cross-complaint in compliance with the provisions of Supreme Court Rule 1-3.

The cause, thus being at issue on the complaint, the cross-complaint and the answers thereto, was submitted to, and tried by the court. The court found for the plaintiff-appellee and against the defendant-appellant on both the complaint and the cross-complaint, and entered judgment for the plaintiff-appellee, that the plaintiff-appellee was the owner of, and entitled to the possession of the truck and that the plaintiff-appellee was entitled to damages in the amount of $617.59 for the unlawful detention of the truck by the defendant-appellant.

The defendant-appellant's motion for a new trial alleged as cause therefor the following:

"1. The decision of the Court is not sustained by sufficient evidence.

"2. The decision of the Court is contrary to law.

"3. Error of law occurred at the trial as follows:

'The Court erred in overruling the objection of the defendant to the direct narrative testimony of the witness James A. Simpson, a witness called and taking the stand on behalf of defendant, which narrative testimony and answers and objections thereto and the ruling of the Court are in the words attached hereto to this motion for new trial as Exhibit A and hereof made a part.' (Tr., p. 41)"

The record reveals the following facts. In February of 1966, the appellant executed a retail order for a new International truck and he made a cash deposit of $5,000 with his order. Thereafter, upon delivery of the truck in June of 1966, appellant entered into a conditional sales contract with K & K Truck Sales, Inc., wherein he agreed to pay the balance due on the contract in monthly installments of $400.17 each. Said contract was thereafter assigned by K & K Truck Sales to International Harvester Credit Corporation, the appellee herein.

The record further shows that appellant made the required monthly payments from June of 1966, through March of 1967. In June of 1967, appellant was three payments in arrears on the contract. On or about June 14, 1967, Mr. Richard Bird, Assistant Credit Manager of appellee, called on the appellant at his home and made a demand for the back payments, which appellant said he would pay the following morning. On the next day, when Mr. Bird called for the money appellant had left a note saying that he was called out of town, but he would bring the money to Mr. Bird's office in Indianapolis. Mr. Bird then immediately conferred with appellee's attorney about instituting the within action. On June 23, 1967, this cause was filed. Pursuant to a writ of replevin issued by the Elkhart Circuit Court, the sheriff of Elkhart County took possession of the truck and returned it to K & K Truck Sales, Inc.

Thereafter, on July 20, 1967, appellant went to Mr. Bird's office and paid $1610 in cash "to continue the contract." Mr. Bird told appellant he was accepting this payment "in escrow" subject to the appellant fulfilling three conditions by August 1, namely: Appellant was to make the August payment by August 1; he was to obtain insurance coverage on the truck with loss payable to appellee, and he was to pay the attorney's fees incurred in the replevin action.

The appellant made his August 1 payment on August 11; the insurance policy was obtained on August 14; the appellant did not pay appellee's attorney's fees. Thereafter in October the appellee accepted another payment on the contract together with interest for late payment, making a total of $2,460 paid by the appellant on the contract after the July 20 agreement.

The appellant alleges that appellee has waived its rights to a judgment in the replevin action by reason of the agreements entered into between the parties on July 20, 1967, and the consideration passing to appellee by the payments made to, and accepted by, the appellee pursuant to said agreement after the action in replevin was instituted.

While appellant admits he was in default in his payments when the replevin action was filed, nonetheless he contends that by reason of the agreement entered into between himself and Mr. Bird, appellee's assistant credit manager, on July 20, 1967, the appellee waived its rights to proceed to judgment in the replevin action. Appellant further contends that appellee is not entitled to judgment in the replevin action by reason of the fact that appellee did not, at any time, tender back to appellant monies held in "escrow" which had been paid by appellant pursuant to the July 20 agreement.

Appellee contends, on the other hand, that appellant was in default on the contract at the time the replevin action was filed, and that the July 20, 1967, agreement has not affected this action because the appellant failed to comply

with the three conditions of the agreement by August 1, 1967. Furthermore, appellee contends that the money paid by appellant pursuant to the July 20 agreement is being held in "escrow" and that appellant can obtain this money upon request.

The statute providing the remedy of replevin, Burns' Ind. Stat. § 3-2701 (1968 Cum. Supp.), reads as follows:

> "When any personal goods are wrongfully taken, or unlawfully detained from the owner or person claiming the possession thereof, or when taken on execution or attachment, are claimed by any person other than the defendant, the owner or claimant may bring an action for the possession thereof. [Acts 1881 (Spec. Sess.), ch. 38, § 164, p. 240.]"

In order for a plaintiff to recover in an action for replevin, he must prove his title or right to possession, that the property is unlawfully detained, and that the defendant wrongfully holds possession thereof. *Ring* v. *Ring* (1961), 131 Ind. App. 623, 174 N. E. 2d 58; *Acceptance Corp. of Fla.* v. *Snider* (1958), 128 Ind. App. 447, 149 N. E. 2d 698; *Warner v. Warner* (1937), 104 Ind. App. 252, 10 N. E. 2d 773.

The appellee herein based its right to possession of the truck upon the appellant's default on the conditional sales contract. As hereinbefore stated, appellant concedes that on the date this action was filed, June 23, 1967, he was in default. However, he asserts that the appellee, by its subsequent conduct in accepting payments from him on the contract, waived the default and its right to proceed to judgment in this action. With this contention we must agree. First, the record does not show that the money sent to Mr. Bird by appellant was placed in escrow. A valid escrow agreement requires the giving of a deposit to a *stranger or third person* to be kept by the depositary until the performance of a condition or the happening of an event, and then to be delivered over to the grantee, promisee, or obligee. *Yost* v.

*Miller* (1921), 74 Ind. App. 673, 676, 129 N. E. 487; *Moslander* v. *Beldon* (1928), 88 Ind. App. 411, 164 N. E. 277; 12 I.L.E. *Escrow,* § 1, p. 320.

The payments made in July were received by Mr. Bird, appellee's assistant credit manager. The payments subsequently made in August and October were received by the appellee. Thus we must conclude that this money was accepted by appellee and was applied to the conditional sales contract. *Nardine* v. *Kraft Cheese Company* (1944), 114 Ind. App. 399, 52 N. E. 2d 634; *Karvalsky* v. *Becker* (1940), 217 Ind. 524, 29 N. E. 2d 560; *Roberts* v. *Vonnegut* (1914), 58 Iid. App. 142, 104 N. E. 321, (Transfer Denied).

Secondly, when appellee accepted appellant's August 1 payment on August 14, it waived any rights it might have had to enforce the conditions it sought to impose by its agreement of July 20.

Concerning the matter of waiver, this Court, in the case of *Kenefick* v. *Schumacher* (1917), 64 Ind. App. 552, 559, 560, 116 N. E. 319, stated:

"An approved definition of waiver reads as follows:
'Waiver is where one in possession of any right, whether conferred by law or by contract, and with full knowledge of material facts, does or forbears the doing of something inconsistent with the existence of the right or of his intention to rely upon it; thereupon he is said to have waived it, and he is precluded from claiming anything by reason of it afterwards.' *Shedd* v. *American Credit, etc., Co.* (1911), 48 Ind. App. 23, 95 N. E. 316; *Ohio Valley Buggy Co.* v. *Anderson Forging Co.* (1907), 168 Ind. 593, 81 N. E. 574, 11 Ann. Cas. 1045. In accord with this rule it is held that performance within the time specified by a contract may be waived by the conduct of the other party; as by acts recognizing the contract as subsisting, by receiving payments, or by continuing negotiations. 36 Cyc 717;*Emmons* v. *Kiger* (1864), 23 Ind. 483; *Templer* v. *Muncie Lodge, etc.* (1911), 50 Ind. App. 324, 97 N. E. 546; *Merrell* v. *Garver* (1913), 54 Ind. App. 514, 101 N. E. 152; 2 Black, Rescission and Cancellation §§ 594-610; *Davis* v. *Robert* (1889), 89 Ala. 402, 8 South. 114, 18 Am. St. 126."

See also: 28 Am. Jur. 2d, *Estoppel and Waiver*, § 154, p. 836; 6 I.L.E. *Contracts*, § 233, p. 268.

In the case of *Hill et al.* v. *Rogers et al.* (1951), 121 Ind. App. 708, 713, 714, 99 N. E. 2d 270, (Transfer Denied), this court quoted as follows from the case of *Clayton* v. *Fletcher Savings & Trust Co. et al.* (1929), 89 Ind. App. 431, 155 N. E. 539, (Transfer Denied):

" 'Forfeiture is a harsh remedy, not favored in equity, and must yield to the principle of compensation where fair dealing and good conscience seem to demand. Where a party by his indulgence has waived the provision of a contract making the time of payment of money of the essence of the contract, and temporarily suspends the right to declare a forfeiture, *such right can be resumed only by giving a definite and specific notice to that effect.'* (Our emphasis.)" *Clark Mutual Life Ins. Co.* v. *Lewis* (1966), 139 Ind. App. 230, 217 N. E. 2d 853, (Rehearing Denied) ; *Chambers et al.* v. *Boatright et al.* (1961), 132 Ind. App. 378, 177 N. E. 2d 600; *Mortgage Underwriters, Inc.* v. *Stuckey et al.* (1940), 108 Ind. App. 83, 27 N. E. 2d 111.

This court, in the case of *Farm Bureau Mutual Insurance Company* v. *Emmons* (1952), 122 Ind. App. 440, 446, 104 N. E. 2d 413, in discussing the general principle of the law of waiver or estoppel as applied to conditional sales contracts in this state, following the principles set out in 47 Am. Jur., pp. 106, 109, §§ 898, 899, stated:

" 'Upon default by the vendee the vendor has an option to avoid the conditional sales contract or to waive the default. Forfeiture is not automatic upon default and does not result, in the absence of affirmative action on the part of the vendor. After default, and until exercise of the vendor's option to declare a forfeiture, the purchaser has the right to pay the purchase price and retain the property which he received under the contract. As a general rule, in the absence of a demand upon the vendee for the purchase price or for the property for nonpayment thereof, the mere omission to pay the purchase money at maturity does not operate as a forfeiture of the vendee's rights or entitle the vendor to retake the property. . . .'

" . . . 'The acceptance by the vendor of an installment of the purchase money after default is a recognition of the contract as still subsisting, and a waiver of the forfeiture. Repeated waivers of default by accepting delayed payments may lull the vendee into making late payments, relying on the expectation that they will be accepted as compliance with his contract. Such a course of conduct will bar the vendor's right to assert a forfeiture for any payment not made at the time stipulated in the original contract unless prior thereto he has given notice to the vendee that he will hold him to the original terms and the vendee has had a reasonable opportunity to comply therewith. . . .' See also 59 A.L.R., 131, 142." (Our emphasis)

Thus, when appellee accepted payments made by appellant on July 20 and August 11, it recognized the contract as still in effect and waived any right it might have had for foreclosure. Not only did appellee continue to receive payments from appellant, but it never made any tender back to appellant of money allegedly conditionally received from him. We therefore conclude that appellee, by receiving appellant's payments, did reinstate the contract; appellant was entitled to possession of the truck, and appellee no longer had a cause of action for replevin as alleged in the complaint filed June 23.

The judgment rendered on this complaint was therefore not sustained by the evidence and thus is contrary to law. *Nationwide Mut. Ins. Co.* v. *Day* (1967), 140 Ind. App. 564, 224 N. E. 2d 520, (Transfer Denied) ; *State ex rel. Hudelson* v. *Clarks Hill Tel. Co.* (1966), 139 Ind. App. 507, 218 N. E. 2d 154, (Transfer Denied) ; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, (Rehearing Denied).

Judgment reversed, with instructions to sustain the appellant's motion for new trial; and for further proceedings not inconsistent with this opinion.

Lowdermilk, C.J., Carson, and Sullivan, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 71.