# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**CHARLES W. LAHEY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**M. PATRICIA HACKETT**
**PETER A. TIMLER**
Hackett & Associates, P.C.
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE ESTATE OF RUTH M. RUPLEY, )
    )
CHARLES A. RUPLEY, )
    )
    Appellant-Respondent, )
    )
        vs. )    No. 71A05-1306-ES-288
    )
MICHAEL L. RUPLEY, )
    )
    Appellee-Petitioner. )

APPEAL FROM THE ST. JOSEPH CIRCUIT COURT
The Honorable Michael G. Gotsch, Sr., Judge
Cause No. 71C01-0903-ES-6

**September 23, 2014**

**OPINION ON REHEARING - FOR PUBLICATION**

**MAY, Judge**

Michael Rupley petitions for rehearing of our decision reversing the trial court's order concluding the balance of a promissory note executed by Michael's brother Charles and his mother, Ruth Rupley, was an asset of Ruth's Estate. We grant rehearing for the limited purpose of clarifying our application of the Transfer on Death Property Act.

In our original decision we determined the note was not an asset of the Estate because the Transfer on Death Property Act, enacted in 2009, applied retroactively to the 2006 promissory note. We noted the Act applied retroactively to a "transfer on death security, transfer on death securities account, and pay on death account created before July 1, 2009." Ind. Code § 32-17-14-2(a). We characterized the promissory note as a "pay on death account" created before July 1, 2009, and determined the Transfer on Death Property Act therefore applied retroactively to it.

On rehearing, Michael argues the note could not be a pay on death account because an "account" is a contract of deposit of funds between a depositor and a financial institution, and no financial institution was involved in Charles' promissory note. Michael relies on Ind. Code §32-17-11-1, which provides in pertinent part: (a) *As used in this chapter*, "account" means a contract of deposit of funds between a depositor and a financial institution." (Emphasis added.)

Indiana Code chapter 32-17-11 governs "multiple party accounts." Michael offers no authority to support his apparent premise that the definition of "account" in that chapter applies also to the Transfer on Death Property Act, which is found in a different chapter, Ind. Code chapter 32-17-14. We decline to hold it does, but we grant rehearing to address our

2

application of the latter statute.

The Transfer on Death Property Act applies retroactively not only to a "pay on death account" created before July 1, 2009, but also to a "transfer on death security." Ind. Code § 32-17-14-2(a). Charles' promissory note is more accurately characterized as a "transfer on death security" than a "pay on death account." As Michael notes in his brief on rehearing, a right to receive payment under a promissory note is included in the Act's definition of "property." Ind. Code § 32-17-14-3-10(D). We therefore could have more accurately characterized the note as a "transfer on death security" to which the Act would apply retroactively.

Ind. Code chapter 32-17-14 does not define "pay on death account," but it does define "security" as "a share, participation, *or other interest in property*, in a business, or in an obligation of an enterprise or other issuer." Ind. Code § 32-17-14-3 (12) (emphasis added).[1] Whether the note was a "pay on death account" or a "transfer on death security," the Act applied retroactively to it and the note was not an asset of the Estate.

We therefore grant rehearing and reaffirm our original opinion.

Vaidik, C.J., concurs.

Riley, J., would deny rehearing.

---

[1] In his brief on rehearing, Michael asserts the Transfer on Death Property Act cannot be applied retroactively because it "specifically defines the promissory note as 'Property' and not as a transfer on death security . . . to which retroactive application would apply." (Michael L. Rupley's Petition for Rehearing at 2.) As indicated above, a characterization of the note as "property" would not place it outside the definition of "transfer on death security."

3