## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2020, 6:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Charles W. Lahey
Brendan K. Lahey
South Bend, Indiana

ATTORNEYS FOR APPELLEES

M. Patricia Hackett
Sara E. Tumbleson
Peter L. Morgan
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Rupley,

*Appellant,*

v.

Michael L. Rupley, Jr., et al.,

*Appellees*

February 27, 2020

Court of Appeals Case No.
19A-ES-2020

Appeal from the St. Joseph Circuit Court

The Honorable John Broden, Judge

Trial Court Cause No.
71C01-1810-ES-49

**Altice, Judge.**

## Case Summary

[1] The Estate of Francis J. Rupley (the Estate) was opened in 2018, more than nine years after Francis's death. Thereafter, Francis's adult son, Charles

Rupley, filed a claim against the Estate claiming equitable ownership of Amazon stock certificates that were in Francis's name and seeking an order that the Estate sign the stock certificates over to Charles. The trial court dismissed Charles's claim as time barred under Ind. Code §§ 29-1-7-7(e) and 29-1-14-1(d) because it was filed more than nine months after Francis's death. Charles now appeals.

[2] We affirm.

## Facts & Procedural History

[3] Francis's wife Ruth predeceased him in October 2008. Francis then died intestate in February 2009. Ruth's will designated Charles and his brother Michael as co-personal representatives of her estate (Ruth's Estate). They filed a petition to probate Ruth's will in March 2009 under Cause No. 71C01-0903-ES-6 (the Will Probate Action). Due to great animosity between the brothers, in June 2010, the trial court appointed 1st Source Bank (the Bank) as the successor personal representative. The Bank was also appointed trustee of Ruth's revocable trust. Litigation continued in the Will Probate Action through March 2015 and included an appeal to this court. *See Estate of Ruth M. Rupley v. Rupley*, 12 N.E.3d 900 (Ind. Ct. App. 2014), *clarified on reh'g*, 18 N.E.3d 291.

[4] Michael died in February 2018. His children, Michael Jr. and Cheryle (Grandchildren), became co-representatives of his estate (Michael's Estate). At this time, real estate remained in both Ruth's Estate and her trust that had not been sold. Thus, on July 31, 2018, more than three years after any activity in

the Will Probate Action, the Bank filed a petition for a status conference. The Bank sought to sell the real estate to provide liquidity for Ruth's Estate and pay expenses of administration and to wind up the affairs of Ruth's Estate and trust.

On August 15, 2018, in the Will Probate Action, Charles filed an Objection to Notice of Request to Sell Real Estate and Notice of Objections to Administration of the Estate and Claims Against Other Heirs. Relevant for our purposes here, the objection included a request for a ruling by the trial court regarding whether Amazon stock, recently disclosed by Charles to have been in his possession since 1999 but not titled to him, is the property of Charles or of Ruth's Estate. Grandchildren, as personal representatives of Michael's Estate, filed a response and argued that Charles had converted the Amazon stock and that it should be surrendered to the Bank as an asset of Ruth's Estate.

Following the status hearing in the Will Probate Action, the trial court entered an order on August 23, 2018, setting forth the following regarding the stock:

> 3. At the August 22, 2018 status hearing, it was determined that there are 25 shares of Amazon stock[1] that are titled in the name of Ruth M. Rupley, but which are in the possession of Charles Rupley.
>
> 4. Because the Court determines that there is no question of fact that the 25 shares of Amazon stock are currently titled in the name of Ruth M. Rupley, the Court **FINDS** that the shares of

---

[1] There are actually fifty shares. Twenty-five were purchased in January 1999 and then there was a stock split in September 1999, resulting in a total of fifty shares.

Amazon stock are an asset of the Estate of Ruth M. Rupley. As such, the Court **ORDERS** Charles Rupley to deliver the 25 shares of Amazon stock to his legal counsel, Charles Lahey, who shall then promptly deliver the 25 shares of Amazon stock to the Personal Representative or its legal counsel.

5. The Personal Representative shall treat and do with these 25 shares of Amazon stock what it would do with other similar assets.

6. However, the Court **ORDERS** that these shares of Amazon stock, or the proceeds therefrom if liquidated by the Personal Representative, shall **NOT** be distributed by the Personal Representative or used by the Personal Representative to pay any outstanding obligations of the Estate until the Court has had an opportunity to rule upon any potential claim or contest relating to the shares of Amazon stock….

*Appellant's Appendix Vol. 2* at 120-21.

[7] On September 7, 2018, Charles filed a Response to Order of the Court, in which he indicated, in part:

Fifty shares of stock in Amazon.com have been delivered to Edward Hardig, attorney for the Estate as ordered by the Court. Charles Rupley *continues to maintain his claim of equitable ownership* to such stocks and intends to file a claim as ordered by the Court but will address this issue in another pleading.

*Id*. at 126 (emphasis supplied). Thereafter, on September 21, 2018, Charles filed a claim against Ruth's Estate in which he set out facts regarding the 1999 stock purchase. While he acknowledged that the stock certificates were issued

"in the name of Francis J. Rupley and Ruth M. Rupley, Joint Tenants,"

Charles argued that the stock certificates were "rightfully owned" by him

because his funds were used to purchase them. *Id*. at 127. The relief requested

by Charles was that Ruth's Estate "be ordered to sign over the certificates to

[him]." *Id*. at 128. On October 1, 2018, the Bank filed a motion to dismiss

Charles's claim against Ruth's Estate as untimely filed.

[8] In the meantime, on October 4, 2018, Grandchildren filed a petition for the

supervised administration of the Estate of Francis J. Rupley and for

appointment of themselves as co-personal representatives. The petition was

granted on October 18, 2018, and a notice of estate administration was issued

the next day. Additionally, in the Will Probate Action, Michael's Estate filed

an objection to Charles's claim against Ruth's Estate, challenging the claim as

untimely and, alternatively, on the merits. Michael's Estate also noted in its

objection that the stock certificates "actually should be probated in an Estate for

Francis J. Rupley, since Ruth Rupley predeceased her husband, Francis J.

Rupley" and, thus, argued that the claim should be dismissed for having been

filed in the wrong estate. *Id*. at 141.

[9] On December 4, 2018, following a hearing, the trial court in the Will Probate

Action issued an order, which provided as follows with respect to the stock:

> 2. As to the 50 Shares of Amazon stock, the Court finds that
> those shares of stock were registered to Ruth M. Rupley and
> Francis J. Rupley as Joint Tenants. The Court FINDS that
> consistent with accepted norms and practice in regard to such
> financial certificates rights of survivorship are implicit in the joint

tenancy designation. Consequently, when Ruth M. Rupley predeceased Francis J. Rupley, the 50 shares of Amazon became registered to Francis J. Rupley (ownership of the shares shall be determined by the Court at a later date) and therefore at this time the shares of Amazon stock are to be part of the Estate of Francis J. Rupley and are not an estate asset of the Estate of Ruth M. Rupley….

3. Charles Rupley shall have ten (10) days from the date of the November 30, 2018 hearing to assert and file any claim of whatever kind in regard to the shares of Amazon stock in the Estate of Francis J. Rupley, 71C01-1810-ES-000049….

*Id*. at 144.

[10] On December 12, 2018, Charles filed a claim against the Estate, which was the verbatim claim he made against Ruth's Estate. Charles requested that the Estate be ordered to sign over the stock certificates to him. He also filed a claim against the administration of the Estate based on replevin, arguing that "the possession of these stocks by the Estate and its claim to ownership is in violation of the equitable ownership rights of Charles Rupley." *Id*. at 21.

[11] The Estate, on January 7, 2019, filed an objection to Charles's estate claim and claim against administration. The Estate argued that the estate claim was time barred as a matter of law and should be dismissed because it was not filed within nine months of Francis's death as required by I.C. §§ 29-1-7-7(e) and 29-1-14-1(d). The Estate also challenged Charles's replevin claim, noting that the stock certificates had not been wrongfully taken or unlawfully detained by the Estate. Further, the Estate observed that Charles "is not the title owner of the

stock" and, therefore, "it appears that he seeks the equitable powers of this Court to change the ownership of the stock to himself." *Appellant's Appendix Vol. 2* at 32-33.

[12] Charles responded, on February 11, 2019, with an additional ground to support his estate claim. He argued that at the time Grandchildren opened the Estate he was a known creditor of the Estate and entitled to notice as set out in I.C. § 29-1-7-7, which he alleged he did not receive. On March 15, 2019, the trial court determined that the issue of whether Charles's claim was time barred appeared to be a question of law and, thus, allowed the parties to file additional briefing on the issue. The parties filed their briefs that same month.

[13] On May 9, 2019, Charles filed a motion for summary judgment, along with his own affidavit and supporting documents. He claimed to be entitled to summary judgment because no material facts were in dispute concerning his right to recover the stock from the Estate. Thus, he requested that the Estate "be ordered to return the 50 shares of stock in Amazon.com, Inc. to [Charles] *properly endorsed to permit transfer to Charles Rupley*." *Appellant's Appendix Vol. 2* at 65 (emphasis supplied). The Estate sought and was granted an extension of time to respond to the summary judgment motion. Specifically, on June 6, 2019, the trial court ruled that the Estate would not be required to respond substantively to the summary judgment motion until the court ruled on the Estate's motion to dismiss the claim as time barred. If said ruling was in Charles's favor, then the Estate would have thirty days from that ruling to respond to the summary judgment motion on the merits.

On July 31, 2019, the trial court entered the order from which Charles now appeals. The court ruled that as a matter of law Charles's claim against the Estate was time barred because it was not filed within nine months of Francis's death. Accordingly, the stock remained an asset of the Estate to be distributed accordingly and there was no need for further proceedings regarding Charles's summary judgment motion, which was rendered moot.

## Discussion & Decision

The dispositive issue presented here is whether Charles's claim to the Amazon stock is time barred. If it is, as found by the trial court, then we cannot reach the merits of his equitable claim to the asset.[2]

It has long been established that I.C. § 29-1-7-7(e), as well as its counterpart I.C. § 29-1-14-1(d), "is a strict nonclaim statute rather than a statute of limitations subject to equitable tolling." *Estate of Decker v. Farm Credit Servs. of Mid-Am., ACA*, 684 N.E.2d 1137, 1138 (Ind. 1997); *see also Burnett v. Villaneuve*, 685 N.E.2d 1103, 1107-10 (Ind. Ct. App. 1997). These two statutory provisions proscribe a time limit of nine months after the decedent's death for the filing of claims against the estate.[3] This period "applies whether the creditor has received proper notice, improper notice, or no notice at all" and a court is

---

[2] Charles claims that the stock is subject to a resulting trust created by equity because Ruth used his money to purchase the stock for him through her brokerage account.

[3] Prior to 2001, the statutory time period was one year rather than nine months.

"without power to extend the time" limit. *Decker*, 684 N.E.2d at 1138, 1139.[4] In other words, unless the creditor files the claim within the time allowed by the statute, it is forever barred. *See id*. at 1139; *see also Burnett*, 685 N.E.2d 1110 (observing that "in no circumstance will a claim be allowed" beyond the statutory period).

[17] Here, it is undisputed that Charles filed his claim, as a creditor, against the Estate more than nine months after Francis's death. It is of no moment that the Estate was opened several years beyond the statutory time period. Charles was free to open the Estate on his own during the nine-month period following Francis's death, but he failed to exercise his right by filing a timely claim. *See Burnett*, 685 N.E.2d 1107 ("Any one of the claimants could have opened the estate at any time during the one year period. They had the same ability and information as Burnett, and they simply failed to exercise their rights by filing a claim."). No matter who the creditor, no matter the reason for delay, no matter any lack of notice, the nine-month nonclaim statute must be complied with in order to bring a claim against the Estate. *See id*. at 1110.

[18] Charles attempts to sidestep the harsh nonclaim statute by arguing that his claim is really one for replevin against the administration of the Estate.

---

[4] The Supreme Court observed in *Decker* that because the one-year provision (now nine-month provision) is self-executing, the federal Due Process Clause is not implicated. *Id*. at 1139. Thus, actual notice is not required prior to the termination of a claim under the nonclaim statutes. *Id*. at 1139-40.

"A replevin action is a speedy statutory remedy designed to allow one to recover possession of property wrongfully held or detained as well as any damages incidental to the detention." *United Farm Family Mut. Ins. Co. v. Michalski*, 814 N.E.2d 1060, 1066 (Ind. Ct. App. 2004). Indiana Code Section 32-35-2-1 provides that if personal goods are "wrongfully taken or unlawfully detained from the owner or person claiming possession of the property," an action for the possession of property may be brought by the owner or claimant. To recover in a replevin action, the plaintiff "must prove his title or right to possession, that the property is unlawfully detained, and that the defendant wrongfully holds possession thereof." *Michalski*, 814 N.E.2d at 1066 (citing *Snyder v. Int'l Harvester Credit Corp.*, 147 Ind. App. 364, 368, 261 N.E.2d 71, 73 (1970)).

*Sperro LLC v. Ford Motor Credit Co. LLC*, 64 N.E.3d 235, 244-45 (Ind. Ct. App. 2016).

[19] Here, the Estate's possession of the stock certificates is not wrongful or unlawful. Said possession is pursuant to an order issued in the Will Probate Action, an order to which Charles did not object, and the stock certificates are indisputably in the names of Ruth and Francis as joint tenants with rights of survivorship. More importantly, we observe that Charles does not simply seek possession of the stock certificates. Rather, the relief he has repeatedly requested of the trial court, both in this action and in the Will Probate Action, is that the Estate be ordered to sign over the stock certificates to him. This affirmative relief is sought against the property of the Estate, not the administration of the Estate, and is not in the nature of a replevin action. The heart of Charles's claim is that he is the rightful owner of the Amazon stock

because Ruth purchased it in a fiduciary capacity for him making the stock subject to a resulting trust created by equity. This very well may be true, but Charles waited too long to establish his equitable claim. He had nine months following Francis's death to open the Estate and file a claim seeking endorsement of the stock to him through the equitable powers of the court. Having failed to do so, the trial court properly dismissed Charles's claim as time barred.[5]

Judgment affirmed.

Robb, J. and Bradford, J., concur.

---

[5] The trial court also properly determined that the Journey's Account Statute, Ind. Code § 34-11-8-1, does not apply to save Charles's claim, as the claim he filed in the Will Probate Action was similarly untimely. *See Vesolowski v. Repay*, 520 N.E.2d 433, 435 (Ind. 1988) ("In order to claim the saving power of the Journey's Account Statute, a plaintiff must have filed his original cause of action timely.").