## Yost *v.* Miller.

[No. 10,680.   Filed January 27, 1921.]

1. ESCROWS.—*Definition.*—An escrow is a written instrument which by its terms imports a legal obligation, and which is deposited by the grantor, promissor or obligor or his agent with a stranger or third party, to be kept by the depositary until the performance of a condition or the happening of a certain event, and then to be delivered to the grantee, promisee, or obligee.   p. 676.

2. ESCROWS.—*Deed in Escrow.*—*Conveyance of Title.*—*Delivery.*—A deed in escrow conveys no title until final delivery.   p. 676.

3. ESCROWS.—*Deed in Escrow.*—*Delivery.*—*Conveyance of Title.*—Where a father executed a warranty deed to his son, placed it in an envelope, and delivered it to a third person, with the direction being written on the envelope and signed by the father that the inclosed deed be delivered to the son on the death of the father and that it be surrendered to the father in event the son predeceased him, and at the same time the son executed a deed to the father conveying the same land and placed it in a sealed envelope upon which was written an indorsement similar to the terms on that containing the deed executed by the father, and thereafter and prior to the father's death, the son, his wife joining therein, conveyed to the father by warranty deed the same lands described in the deed executed by the son, the deed executed by the father was in escrow, and was properly delivered to the son on his father's death, and the fact that the father remained in possession of the lands and took all the rents and profits therefrom during his life was of no legal effect.   p. 676.

From Randolph Circuit Court; *Theodore Shockney,* Judge.

Action by Mary E. Miller against Charles O. Yost. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Bales & Macy,* for appellant.
*Focht & Hutchens,* for appellee.

ENLOE, J.—This action was brought by appellee against appellant to set aside and cancel a deed to certain lands, executed by one William H. Yost to appellant. The grounds upon which such cancellation was sought were failure of consideration, and alleged nondelivery of said deed. A demurrer to this paragraph of complaint was overruled.

The cause was submitted to the court with a request that the court make a special finding of the facts and state its conclusions of law thereon. This was done. Appellant excepted to the conclusions of law as stated, and also moved for a new trial, which was overruled, and he prosecutes this appeal and presents as error: (1) The overruling of said demurrer; (2) overruling motion for a new trial; and (3) error in conclusions of law.

The conclusions of law as stated by the court were in harmony with the theory of the paragraph of complaint to which the said demurrer was overruled. The finding of facts follows closely the averments of said paragraph of complaint. The controlling findings are in substance as follows: That Charles O. Yost is the son of William H. Yost; that on August 15, 1911, said William H. Yost and said Charles O. Yost (appellant herein) went to the office of an attorney in the city of Winchester, Indiana, and there had two warranty deeds prepared by said attorney, the deed in which said William H. Yost was grantor, naming said Charles O. Yost as grantee, and the deed in which Charles O. Yost was grantor, naming said William H. Yost as grantee; that

said deeds were then and there duly signed and acknowledged by said grantors before the attorney who had drawn them, he being a notary public; that the deed from William H. Yost to Charles O. Yost described the lands involved in this suit; that, when said deeds had been so signed and acknowledged, they were each placed in a separate envelope, which was then and there sealed; that there was then and there placed upon the back of the envelope containing the deed so executed by said William H. Yost the following:

> "The within warranty deed from William H. Yost is hereby delivered to Macy, Nichols and Bales, to be held by them and delivered to the grantee therein, Charles O. Yost, upon the death of the said William H. Yost, and to be surrendered by them to the grantor, William H. Yost, in the event of the death of the said Charles O. Yost, before the death of the said William H."

That said memorandum was signed by said William H. Yost; that the said deed so executed by said William H. Yost was then and there delivered to and left with said Macy, Nichols and Bales, who kept the same until after the death of said grantor, and then delivered it to said grantee, Charles O. Yost, who, on June 20, 1918, caused it to be recorded.

The court further found that the deed so executed by appellant was also placed in one envelope and left with said Macy, Nichols, and Bales, and that on said envelope was an indorsement similar in terms to that on the envelope containing the deed of said William H. Yost; that prior to the death of said William H. Yost said Charles O. Yost, his wife joining therein, had by his warranty deed conveyed the same lands described in said deed so left with Macy, Nichols and Bales to said William H. Yost. Many other facts were also found by the court, but, in the view we take, they are of no controlling influence, and will not be here set out.

An escrow has been defined as "a written instrument which by its terms imports a legal obligation, and which is deposited by the grantor, promissor, or obligor, or his agent, with a stranger or third party, to be kept by the depositary until the performance of a condition or the happening of a certain event, and then to be delivered over to the grantee, promisee, or obligee." 10 R. C. L. 621, and authorities there cited.

A deed in escrow conveys no title until final delivery. *Burkam* v. *Burk* (1884), 96 Ind. 270; *Black* v. *Shreve* (1860), 13 N. J. Eq. 455; Tiedeman, Real Property §815.

Under the authorities, there can be no question that the deed in question was in escrow. It was, according to the findings, duly executed, and its final delivery was in strict accord with the directions contained on said envelope. The fact that the son afterwards executed his deed, in place of the one by him left in escrow, for the benefit of his father can make no difference. No modification of the father's contract is pleaded or found. For aught that appears in the findings of the court, this second transaction was entirely independent of the first one, under which the deed in question was deposited. The fact that the father remained in possession of. said lands and took all the rents and profits therefrom during his life is of no legal effect as against said deed so placed in escrow; the father simply exercised his legal right, which was in entire harmony with his said deed to his son, it being in escrow.

Under the facts alleged in said complaint and found by the court, the appellee was not entitled to have said deed canceled and set aside, and the court should have so stated. The other alleged errors need not be considered. The judgment is therefore reversed, with directions to the trial court to set aside its judgment

heretofore rendered herein, to restate its conclusions of law, in harmony with this opinion, and to render judgment accordingly.

Nichols, J., not participating.