

I N T H E

# Court of Appeals of Indiana

Steve Chafin,

*Appellant-Defendant / Counterclaim Plaintiff*

v.

Patti Shade and Richard Shade,

*Appellees-Plaintiffs / Counterclaim Defendants*



FILED

Apr 09 2025, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

April 9, 2025

Court of Appeals Case No.
24A-PL-2224

Appeal from the Monroe Circuit Court

The Honorable Geoffrey J. Bradley, Judge

Trial Court Cause No.
53C01-1909-PL-2200

**Opinion by Judge Mathias**
Judges Foley and Felix concur.

**Mathias, Judge.**

[1] Steve Chafin appeals the Monroe Circuit Court's judgment for Patti Shade and Richard Shade (collectively, "the Shades") on the Shades' complaint alleging Chafin's breach of contract and seeking specific performance of a purchase agreement for real property. Chafin presents three issues for our review:

> 1. Whether the trial court clearly erred when it found that Chafin had a legal obligation to reimburse the Shades for the cost of a gas line installation.

> 2. Whether the trial court clearly erred when it did not find that the Shades had waived their claims related to the installation of an access road.

> 3. Whether the trial court erred when it awarded attorney's fees to the Shades.

[2] The Shades cross-appeal and argue that the trial court erred when it awarded attorney's fees to Chafin. The Shades also argue that they are entitled to appellate attorney's fees.

[3] We reverse and remand with instructions.

## Facts and Procedural History

[4] In October 2018, Chafin sold an unimproved lot to the Shades for $110,000. The parties executed a purchase agreement ("the contract"), which provided in relevant part that: the Shades waived the right to a survey; the contract was "subject to the Shades['] satisfaction that they could build the house they

desired on the Shades Lot"; and the prevailing party in any legal proceeding against the other party under the contract was entitled to court costs and reasonable attorney's fees from the nonprevailing party. Appellant's App. Vol. 2, p. 24. Upon closing in December, the parties executed an addendum. In that addendum: the Shades placed $25,000 of the purchase price in escrow; $10,000 of that amount would be released to Chafin upon installation of a water line to the property; another $10,000 would be released to Chafin upon installation of electricity to the property; and the final $5,000 would be released to Chafin "[u]pon completion of the installation of Gas" to the property. *Id.* at 49. The addendum did not include deadlines for any of the listed tasks.

[5] In the spring of 2019, Chafin completed the water line, and he received the first $10,000 from escrow. Chafin also contacted Duke Energy about installing electricity to the property. The project was initially delayed due to excessive rain. However, in August, Duke completed the electric installation, and Chafin received the other $10,000 from escrow.

[6] Chafin struggled to get the gas line installed. Both Chafin and the Shades had contacted Vectren in the spring, but, in May, Vectren was purchased by CenterPoint. Due to staffing changes, Chafin was unable to resume plans he had started with Vectren. And CenterPoint gave Chafin unreasonable estimates for the cost of the installation, ranging from $149,000 in August to $152,000 in November. Meanwhile, the Shades also had obtained an estimate from CenterPoint, for $86,000, but CenterPoint rescinded that estimate and replaced it with an estimate for $154,000. Finally, in June 2020, CenterPoint gave the

Shades an estimate for the gas line installation for $19,896.87. The Shades paid for the installation using a credit card, and CenterPoint installed the gas line.

[7] Meanwhile, Chafin constructed an access road to the Shades' property, but "it was inconsistent with the plat approved by Monroe County" because "[p]art of the road jutted out beyond the west side of the easement and into the Shades Lot." *Id.* at 26. In September 2019, Chafin, along with a crew, attempted to move the road back into the easement. In the process, they removed "some brush and small trees." *Id.* The Shades asked the men to leave the property, and the men complied. Ultimately, the Shades got an estimate to extend their driveway to meet the existing road at a cost of $24,675.

[8] That same month, the Shades filed a complaint against Chafin[1] alleging breach of contract, deception, and specific performance. The Shades also sought damages under the Crime Victim's Relief Act and attorney's fees. Among their claimed damages, the Shades included: $19,896 for the gas line installation, plus $3,456.20 in credit card interest; $5,219 for an electric water heater and furnace pending that installation; $24,675 for the driveway extension; and $40,058 in attorney's fees. In his answer, Chafin denied having breached the parties' contract and alleged that the Shades had breached the contract. Chafin sought the $5,000 still held in escrow pending the gas line installation as well as $50,000 in attorney's fees.

---

[1] The Shades named Chafin's wife as a codefendant, but she was dismissed after the Chafins divorced.

Following a bench trial, the trial court found that, at the time the Shades had filed their complaint, Chafin had not breached the contract with respect to the gas line installation. However, the court found that Chafin was legally obligated to reimburse the Shades for the $19,896 that they had paid for that installation. Upon that payment, Chafin would receive the $5,000 still held in escrow. The court found that Chafin breached the parties' contract with respect to the access road and ordered him to pay the Shades $24,675 in damages for that breach. The court denied the Shades' claim alleging deception. Finally, the court found that Chafin and the Shades were each prevailing parties with respect to some claims and awarded each of them partial attorney's fees. In particular, the trial court ordered Chafin to pay the Shades $36,033.75 in attorney's fees and ordered the Shades to pay Chafin $67,732.16 in attorney's fees. This appeal ensued.

## Discussion and Decision

### Standard of Review

Chafin appeals the trial court's findings and conclusions after a bench trial. As our Supreme Court has made clear, in such cases

> [w]e may not set aside the findings or judgment unless they are clearly erroneous. In our review, we first consider whether the evidence supports the factual findings. Second, we consider whether the findings support the judgment. Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. A judgment is clearly erroneous if it relies on an incorrect legal standard. We give due regard to the trial court's ability to assess the credibility of

witnesses. While we defer substantially to findings of fact, we do not defer to conclusions of law. We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment.

*State v. Int'l Bus. Machs. Corp.*, 51 N.E.3d 150, 158 (Ind. 2016) (citations and quotation marks omitted).

[11] Further, a trial court's award of damages is subject to review for an abuse of discretion. *Roche Diagnostics Operations, Inc. v. Marsh Supermarkets, LLC*, 987 N.E.2d 72, 89 (Ind. Ct. App. 2013), *trans. denied*. This court will not reverse a damage award upon appeal unless it is based on insufficient evidence or is contrary to law. *Id.*

## Issue One: Gas Line Installation

[12] Chafin contends that the trial court clearly erred when it ordered him to reimburse the Shades for the cost of the gas line installation.[2] Despite finding that Chafin had *not* breached the contract, the court nonetheless found that Chafin had "an enforceable legal obligation" to install the gas line under the escrow agreement in the Addendum. Appellant's App. Vol. 2, p. 28. Based on that obligation, the court ordered Chafin to reimburse the Shades for the cost of the installation.

---

[2] The Shades allege that Chafin challenges only the amount of the damages award on appeal. The Shades are incorrect. Chafin's initial brief clearly includes arguments regarding who breached the contract and whether he had a legal obligation to pay for the gas line installation.

[13] Initially, we note that the trial court acknowledged "the vague nature of the Addendum" in that it "did not provide a timeline for completing [the utility installations], nor did it explicitly name which party was obligated to oversee the utility installations." *Id.* at 24, 30. Notably, the Shades agree with the trial court's finding that Chafin did not fail to install the gas line within a reasonable time.

[14] Still, the court found:

> 4. The Shades and the Chafins entered a valid contract for the sale of the Shades Lot. The contract consisted of the terms within the Purchase Agreement and Addendum attached thereto, which provided for an escrow agreement. In Indiana, an escrow is defined as "[a] written instrument which by its terms imports a *legal obligation*, and which is deposited by the grantor, promisor, or obligor, or his agent, with a stranger or third party, to be kept by the depository until the performance of a condition or the happening of a certain event, and then to be delivered over to the grantee, promisee, or obligee." *Yost v. Miller*, 129 N.E. 487, 488 (1921) (emphasis added).
>
> 5. Therefore, the contract created an enforceable legal obligation against Steve to install (1) water, (2) electric, (3) gas, and (4) a road on the Shades Lot.

*Id.* at 28. And the court concluded that, based on the escrow agreement, Chafin had a legal obligation to pay for the gas line installation despite his full compliance with the terms of the contract.

[15] We agree with Chafin that the court misinterpreted this Court's holding in *Yost*. Rather than creating a legal obligation for Chafin to pay for the installation, the

escrow agreement reflected the *Shades'* legal obligation to order the release to Chafin of the $5,000 from escrow "[u]pon completion" of the gas line installation. *Yost*, 129 N.E. at 488; Appellant's App. Vol. 2, p. 49. Because the court's sole basis for the judgment in favor of the Shades on this issue was its misinterpretation of *Yost*, we reverse the trial court's finding that Chafin had a legal obligation to pay for the gas line installation, and we reverse that judgment for the Shades.[3]

In addition, given that Chafin was entitled to the $5,000 from escrow "[u]pon completion" of the gas line installation, and because the installation of the gas line was completed in 2020, the Shades should have released those funds at that time. Again, the addendum did not condition the release of the $5,000 on *Chafin* overseeing the installation. On remand, the trial court shall order the Shades to release the $5,000 to Chafin.

### Issue Two: Access Road Installation

The trial court found, and Chafin does not dispute, that "[t]he parties agreed before closing that [Chafin] would construct" an access road, which "was to be built within the easement identified on the plat approved by Monroe County." Appellant's App. Vol. 2, p. 26. And the trial court found that Chafin "breached

---

[3] Notably, the trial court made no finding that Chafin's legal obligation to pay for the gas line installation was implied under the contract, and the Shades make no such argument on appeal.

the contract by installing a portion of the [access] road outside the platted easement." *Id.* at 30. Chafin argues that that finding is clearly erroneous.

[18] As Chafin points out, the Shades explicitly waived their right to a survey, which would have "show[n] the location of all improvements and easements[.]" *Id.* at 44. The waiver provision states: "If Buyer waives the right to conduct a survey, the Seller . . . [is] released from any and all liability relating to any issues that could have been discovered by a survey. This release shall survive the closing." *Id.* The parties closed on the sale on December 18, 2018, and, at that time, the access road was "substantially complete." Tr. Vol. 1, p. 176. In addition, the plat showing the location of the easement was a "public record" and available to the Shades prior to closing. *Id.* at 219.

[19] It is well settled that "a party can waive any contractual right provided for his or her benefit."[4] *Salcedo v. Toepp*, 696 N.E.2d 426, 435 (Ind. Ct. App. 1998). Here, the evidence shows that, at closing, the road was obviously located partially outside of the platted easement. Moreover, a survey done after closing clearly revealed the problem. *See* Appellant's App. Vol. 4, pp. 44-45.

[20] Again, the Shades' explicit waiver released Chafin from "any and all liability relating to any issues that could have been discovered by a survey." Appellant's

---

[4] The Shades largely ignore the import of the waiver in the contract. In a single paragraph in their brief on appeal, they attempt to argue that the waiver does not apply to Chafin's breach. But, in support, they cite a single authority, and that authority does not include any analysis of waiver. As such, and in light of the breadth of their waiver, we are not persuaded by their argument.

App. Vol. 2, p. 44. Accordingly, the trial court clearly erred when it did not find that the Shades had waived this issue. Chafin is not liable to the Shades for their damages related to the mislocated access road.

**Issue Three/Cross-appeal: Attorney's Fees**

[21] Finally, Chafin argues that the trial court erred when it awarded attorney's fees to the Shades. And the Shades argue on cross-appeal that the trial court erred when it awarded attorney's fees to Chafin. The Shades also argue that they are entitled to appellate attorney's fees.

[22] As our Supreme Court has explained:

> The goal of contract interpretation is to ascertain and give effect to the parties' intent as reasonably manifested by the language of the agreement. *First Fed. Sav. Bank of Ind. v. Key Mkts., Inc.*, 559 N.E.2d 600 (Ind. 1990). "[I]f the language is clear and unambiguous, it must be given its plain and ordinary meaning." *Cabanaw v. Cabanaw*, 648 N.E.2d 694, 697 (Ind. Ct. App. 1995). When parties have executed a contractual provision agreeing to pay attorney fees, such agreement is enforceable according to its terms unless the contract is contrary to law or public policy. *Carter-McMahon*[ *v. McMahon*], 815 N.E.2d[ 170,] 178[ (Ind. Ct. App. 2004)].
>
> As the contract at issue does not define the term "prevailing party," we will turn to sources that reflect the ordinary meaning of the term *at the time the contract was executed*.

*Reuille v. E.E. Brandenberger Const., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008) (emphasis added). Here, the parties executed the contract in 2018, when the 10th Edition of Black's Law Dictionary (2014) defined "prevailing party" as

"[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded."

[23] The parties' contract included the following provision: "Any party to this Agreement who is the prevailing party in any legal or equitable proceeding against any other party brought under or with relation to the Agreement or transaction shall be additionally entitled to recover court costs and reasonable attorney's fees from the non-prevailing party." Appellant's App. Vol. 2, p. 46. The trial court found that both Chafin and the Shades were prevailing parties with respect to different issues. The court found that Chafin prevailed on the gas line installation issue and the Shades prevailed on the access road issue and Chafin's counterclaim for the $5,000 from escrow. Accordingly, following a hearing, the trial court awarded Chafin attorney's fees in the amount of $67,732.16, and the court awarded the Shades attorney's fees in the amount of $36,033.75.

[24] Because we reverse the trial court on the access road and escrow issues, we hold that Chafin has prevailed on *all* issues before the court at trial. Thus, he, alone, is the prevailing party under the terms of the contract. The Shades are not entitled to attorney's fees. We remand and instruct the trial court to hold a hearing or otherwise consider evidence regarding Chafin's reasonable attorney's fees and enter judgment therefor.

## Conclusion

The trial court clearly erred when it found that the escrow agreement created a legal obligation for Chafin to pay to install the gas line. We reverse the judgment for the Shades in the amount of $19,896. The trial court also clearly erred when it did not find that the Shades had waived their claim that Chafin breached the contract when he constructed the access road. And the trial court clearly erred when it conditioned the release of the $5,000 from escrow on Chafin's payment of the cost of the gas line installation. On remand, the trial court shall award Chafin his reasonable attorney's fees.

Reversed and remanded with instructions.

Foley, J., and Felix, J., concur.

ATTORNEYS FOR APPELLANT

Benjamin L. Niehoff
Mason H. Hiatt
Slotegraaf Niehoff, P.C.
Bloomington, Indiana

ATTORNEYS FOR APPELLEES

Michael L. Einterz
Michael L. Einterz, Jr.
Einterz & Einterz
Zionsville, Indiana